1831.

Townsend
v.
Townsend.

---

## Townsend *vs.* Townsend.

Where a plea to the bill has been overruled on the merits, the same matter cannot be set up in the answer as a bar to the suit, without the special permission of the court.

Where an interlocutory decision has been made, the court has no power to extend the time for appealing, it being fixed by statute.

Nor can the court vacate the order and cause it to be entered as of a more recent date, to enable a party to appeal therefrom.

THE bill was filed in this cause by the husband against his wife for a divorce on the ground of adultery. The defendant pleaded a decree of separation between the parties to which they had both consented, as a condonation of the offence and in bar of the suit. On argument of the plea the same was overruled on the merits. And notice of the order overruling the plea was duly served on the solicitor for the defendant. After the time for appealing had passed, and the time for answering had expired, but before any order to take the bill as confessed had been actually entered.

May 26th.

*R. Sedgwick*, in behalf of the defendant, moved that the order overruling the plea be vacated and entered as of a more recent date, so as to give the defendant the right to appeal therefrom, and if that could not be allowed, he asked permission for further time to answer the bill, avowing his intention to set up the same matter in the answer as a bar to the suit. He cited Mitf. Pl. 244; *Hoare* y. *Parker*, 1 Cox's Ca. 228.

*H. Davies*, for the complainant, insisted that as the time limited by law for appealing had actually expired, the court

ought not to make an order which would be a mere evasion of the statute.

The CHANCELLOR decided that as the proceedings on the part of the complainant had all been regular, and there had been no missapprehension or mistake on the part of the defendant's counsel, it was not in the power of the court to extend the time for appealing. Such a proceeding he said would be a virtual repeal of the statute ; that this case differed from that of *Smith* v. *Smith*, ( 1 Paige's R. 391,) where the time for appealing was prescribed by a rule of the court. But he gave the defendant time to put in an answer, provided she did not set up the same matter, which had been decided on the plea to be insufficient, as a bar to the divorce.

———

THE counsel for the defendant asked the chancellor to reconsider the latter part of the above decision. He insisted that the defendant had the right, without any permission from the court, to set up the same matter in the answer in bar of the suit, which had been previously overruled in the form of a plea. To this point he cited Mitf. Pl. 244; 3 P. Wms. 95 ; 2 Ves. sen. 491 ; 1 Atk. 450; 1 Cox's Ca. 228.

June 9th.

THE CHANCELLOR. After a full examination of all the authorities on this question, I find myself strengthened in the opinion before expressed, that the defendant cannot set up in the answer, as a bar to the suit, the same matter which has been overruled, on the merits, in the shape of a plea. Most of the cases cited by the defendant's counsel were examined by Sutherland, J. and Colden, senator, in the case of *Murry* v. *Coster*, ( 4 Cowen's R. 617,) and those judges evidently came to the conclusion that the expression in Lord Redesdale's Treatise was too general ; and that, taken in the broad sense contended for by the counsel of the defendant, it was not sustained by the authorities there referred to. Those cases only establish the principle that where a plea is merely informal, or where it may be a good answer as to some part of the bill only, the court permits it either to stand for an answer

with leave to except, or what amounts to the same thing in fact, gives special permission to the defendant to insist upon the same matters in his answer, in bar of the relief, but not in bar of the discovery sought by the bill. This is probably what Lord Redesdale means when he says: " If a plea is overruled, the defendant may insist on the same matter by way of answer." The same expression was used by Chancellor Kent in *Goodrich* v. *Pendleton*, (4 John. Ch. R. 551.) This expression was perfectly proper in the sense in which it was there used, although he says nothing as to the leave of the court. He was merely elucidating the proposition that whatever was a good bar to the action, if insisted on by way of plea, would be equally valid if the same defence was set up in the answer. But in a subsequent case, (*Coster* v. *Murry*, 7 John. Ch. R. 172,) he expresses his opinion, that there is no case in which the same matter which has been decided to be invalid as a plea, has been permitted to be insisted on in the answer, even to a bill for relief, without the leave of the court. The expression of Lord Thurlow, in *Hoare* v. *Parker*, (1 Cox's Ca. 228,) evidently means that he knows of no instance where, upon the disallowance of a plea to the discovery, the court have given permission to the defendant to insist upon the same matter in his answer as a bar to the discovery. He recognizes the principle that the court will give permission to the party to insist upon the same matter in bar of the relief; but he no where intimates that it can be done, even as to the relief, without special leave of the court.

The practice of the court of chancery in this respect is perfectly analogous to that of courts of law. There, if the defendant demurs to the declaration, and the demurrer is overruled, the party cannot be permitted to make the same objection by motion in arrest of judgment, unless that right is reserved; but if the right is reserved, he may move in arrest, although the same question might have been determined on the demurrer. (*Pittstown* v. *Plattsburgh*, 15 John. R. 441. 18 id. 418.) So, if the court decides against the validity of a plea in bar, on the merits, the defendant will not be permitted to give the same facts in evidence on the trial, under his notice with the general issue.

Had not the party avowed his intention of setting up the matters of the plea again in his answer, the necessary consequence of which would be to produce delay and expense to the complainant, the order for leave to answer would have been general. But when a party applies to the court for a favor, and at the same time signifies his intention to proceed irregularly if the favor is granted, it becomes the duty of the court to insert such restriction in the order as will prevent the irregularity. If the counsel really has confidence in the validity of the plea, it is to be regretted that the defendant has not taken the proper steps to bring the question before the court of dernier resort. But I cannot permit her to violate the established principles of the court, to enable her to do that indirectly which perhaps she cannot now accomplish in any other way.

The order giving her permission to answer must therefore be entered according to the former decision.