1842.

Caldwell
v.
Mayor, &c. of
Albany.

CALDWELL *vs.* THE MAYOR, &c. OF THE CITY OF ALBANY.

Where the time for appealing depends upon a rule of the appellate court, such court, upon a sufficient excuse shown, may suspend its rule and allow an appeal, although such appeal was not brought within the time prescribed by the rule for appealing.

But where the time for appealing is fixed by statute, and the appeal is not brought within such time, the court is not authorized to extend the time, even upon a good excuse shown ; as the lapse of time is an absolute bar to the appeal. Nor is the court whose order or decree is sought to be appealed from, authorized to extend the time for appealing indirectly, by vacating its order or decree after the time for appealing has expired and entering it anew as of a subsequent day.

May 3.   THIS was an appeal by the defendants from a decision of the vice chancellor of the third circuit, refusing to open the decree which had been made and entered in this cause in September, 1839. The object of opening the decree was to have it re-entered as of the present time, to enable the defendants to appeal from such decree ; the time for appealing having expired. The affidavits on the part of the corporation stated that it was the intention to appeal from the decree, and that the defendant's solicitor prepared the usual appeal bond and other papers for an appeal, about three months after the decree was entered. But the solicitor stated that being in the office of the solicitor of

the complainant, the latter agreed to waive the execution of an appeal bond, and to consider the appeal as duly made and noticed for the next term of the chancellor. Mr. King, the complainant's solicitor, having died very suddenly, in June, 1841, before the cause was heard before the chancellor, and the solicitor who was substituted in his place finding nothing in Mr. King's register respecting the alleged agreement, nor any thing to show that he considered the decree as having been appealed from, refused to sanction the alleged agreement; acting under the instructions of his client, who swore that Mr. King told him, previous to his death, that the time for the defendant to appeal from the decree had expired.

1842.

Caldwell
v.
Mayor, &c. of
Albany.

*S. Stevens*, for the appellant.

*J. Edwards & J. V. L. Pruyn*, for the respondent.

THE CHANCELLOR. There has evidently been some misunderstanding as to the supposed agreement between the late Mr. King and the defendant's solicitor, which it is difficult to reconcile. The defendant's solicitor swears positively to an agreement, not only to waive the giving of a bond but to consider the appeal as duly made and noticed for the January term, 1840. And the affidavit of the counsel for the corporation, who was employed to argue the appeal, corroborates this understanding of the agreement by the appellant's solicitor. The affidavits on the other side, as to the declarations of Mr. King in his lifetime, and the want of any entry in his register, in which he was in the habit of making minute entries of all proceedings in causes in which he was solicitor, show that he could not have considered himself as having made an agreement to waive notice that an appeal had been entered, as well as the execution of an appeal bond with sureties. The probability therefore is, that Mr. King only intended to waive the usual security upon the appeal, and took it for granted that the requisite notice of appeal would be filed with the

1842.

Caldwell
v.
Mayor, &c. of
Albany.

clerk, and served upon him, within the time allowed by law for appealing; but that the solicitor for the defendant understood him as agreeing to waive the entry of an appeal in any form.

There is no doubt in my mind that the defendant's solicitor meant to appeal, in good faith, and that he suffered the time allowed by law for appealing to expire, under the supposition that he had made a verbal agreement with Mr. King, on which he might safely rely, to waive all forms. It is of no consequence, however, except so far as the declarations of Mr. King are concerned, whether both parties understood the verbal agreement alike. For by the provisions of the 121st rule of the court, such an agreement would not have been binding upon either party, even if both solicitors had understood it in the same way. The only question therefore is, whether the vice chancellor had any authority to vacate the decree, after the time for appealing had expired, for the purpose of giving the defendant a further time for appealing, upon an excuse shown why the appeal was not entered within the time allowed by law for that purpose. (2 *R. S.* 178.) In the case of *Smith* v. *Smith & Clark,* (1 *Paige's Rep.* 391,) it was held that where the time for appealing depended upon a rule of the appellate court, such court, upon a sufficient excuse shown, might suspend the operation of its rule and give the appellant relief, although his appeal had not been brought within the time allowed by the rule for appealing. And such, according to Urquhart, is the practice of the house of lords in England. (*See Urqu. Exper. Solic.* 19.) But where the time for appealing is fixed by statute, if the appeal is not brought within the time allowed by law the court cannot extend the time, even upon an excuse shown; as the lapse of time in that case is an absolute bar to the appeal. (*See Gregory* v. *Bray, Mart. N. C. Rep.* 39; *Gregory* v. *Burnet and wife,* 1 *Hump. Tenn. Rep.* 60; *Bay* v. *Van Rensselaer,* 1 *Paige's Rep.* 423; *Jackson* v. *Wiseburn,* 5 *Wend. Rep.* 136.) Nor in the present case was it competent for the court in which the decree was entered to relieve the

defendant, by vacating the decree and entering it anew. For that which could not be done directly, because of the statutory limitation, cannot be done indirectly by the interference of the court below, after its decree has become absolute and final between the parties thereto, and after the time in which that court was authorized to grant a rehearing had expired. (*See Rule* 112.)

Although it is to be regretted that the corporation has been deprived of its right of appeal from the decree of 1839, I think the vice chancellor was unquestionably right in rejecting the application to enter the decree as of a subsequent day, for the mere purpose of securing the right of appeal which had been barred by lapse of time. The order appealed from must therefore be affirmed with costs.