PETER SCHERMERHORN et al., vs. The MAYOR, &c., of New York.

The proceedings to obtain a *rehearing* after the act supplementary to the code of procedure entitled " An act to facilitate the determination of existing suits in the courts of this State," took effect, must be governed by the provisions of that statute.

*Security* must be given in all cases on a rehearing; in non-enumerated motions in equity

as well as final decrees. Where no stay of proceedings is sought, the security must be in conformity to 2 R. S. 605, § 80, and where a stay is required, the security must be given under sections 82, 83, 84, and 85, of the same statute, p. 606.

No rehearing can therefore be had unless security be given as heretofore mentioned, and that whether a stay of proceedings is desired or not, the only difference being in the nature and amount of the security, when a stay of proceedings is or is not obtained.

Security being thus required in all cases of a rehearing, the statute (first above mentioned) peremptorily requires that it be given "within ten days after notice of the order or decree reheard."

*New York General Term, May*, 1848. Justices EDMONDS, PAIGE and EDWARDS.—On the 1st of April, 1848, a final decree of this cause was made at a special term. On the 22d of April, the Defendants served on the Plaintiff's solicitor, and on the county clerk, a notice that they would move for a rehearing.

WILLIS HALL, *for Defendants, moved accordingly.*

A. A. DANA, *contra, admitted that the decree involved the merits.*

By the Court, EDMONDS, Justice.—The proceedings to obtain a rehearing in this case were commenced, after the act supplementary to the code of procedure, entitled " an act to facilitate the determination of existing suits in the courts of this state," took effect, and they are to be governed by the provisions of that statute.

That statute, where it operates, supersedes the rules of court on the subject of a re-hearing, those rules henceforth operating only where the initiatory steps of a rehearing were taken before the act went into effect.

The Defendants have attempted to conform to the statute, but they have omitted to take one step, without which a rehearing cannot be granted.

The 7th section of that act declares that no rehearing shall be had, " unless notice of the same be given within ten days after notice of the order or decree reheard, with the security thus required."

No papers accompanying the notice of the motion for a rehearing, except an affidavit of service. Were it not for the admission of the Plaintiff's counsel, we could not determine whether the matter involved the merits or not, and for that defect of information we should be obliged to deny the motion. The statute dispenses with the necessity for a petition for a rehearing, but it also requires that the court should determine whether the merits are involved or not. The facts of the case must, therefore, be brought before the court in some form, so that that question can be understandingly determined. The admission of the counsel, however, supplies that defect in this case.

Nor can we determine from the papers before us whether the notice for a rehearing was served within ten days after notice of the decree complained of. That, however, is immaterial in this case, because the notice was served within ten days after the act is understood to have gone into effect, and that is sufficient.

The act is a statute of limitations, and is to be construed in conformity with the principles well established in such cases. Where cause of action accrues after a statute of limitations, the statute applies from the accruing of the cause of action. But where it accrued before the statute, the limitation applies only from the time when the act takes effect. Such statutes apply to existing demands, as if they accrued at the time when the statute commenced its operation. (*The People* v. *The Supervisors of Columbia,* 10 Wend. 363; *Fairbanks* v. *Wood,* 17 Wend. 329; *Sayre* v. *Wisner,* 8 Wend. 661.) Hence, under the statute in question, it is enough that the "notice of the rehearing" was served within ten days after the statute took effect.

But the difficulty in the case is, that the notice of rehearing was not accompanied by the security required, nor have the Defendants, thus far, given any security or made any deposit. They have probably so construed the statute, as if it required security on a rehearing only when proceedings were to be stayed. In this they have erred. It is true that the act provides that proceedings shall not be stayed, unless security be given in the same manner and to the same extent as would be required if an appeal were taken to the Court of Appeals, &c. But the act goes farther, and enacts no rehearing be had unless notice of the same be given, &c., with the security thus required. This phrase does not, as the Defendants seem to suppose, refer to the security "required" to procure a stay of proceedings; but it refers to the security required on an appeal to the Court of Appeals from a decree of this court. That is as follows: where no stay of proceedings is sought, a deposit of $250, or a bond in that amount, with sureties to be approved by a judge of this court, or county judge, executed in conformity to the 120th equity rule conditioned for the diligent prosecution of the rehearing, and for the payment of all costs and damages that may be awarded against the party applying for a rehearing; (2 R. S. 605, § 80.) Where a stay of proceedings is sought, the security to be given must be in conformity with sections 82, 83, 84 and 85 of the R. S., ib. 606. That is, if the rehearing is sought in respect to an order or decree directing the payment of money, the security to be given must be a bond with two sureties, in a penalty at least double the sum decreed to be paid, conditioned that if the party seeking the rehearing shall fail to pro-

secute the same, or if the same be dismissed or discontinued, or if the decree or order sought to be re-heard, or any part thereof, be re-ordered or re-decreed, then that such complaining party will pay and satisfy the amount directed to be paid by such order or decree, or the part of such amount as to which such order or decree shall be re-ordered or re-decreed, and all damages which shall be awarded against such complaining party, by this court, on such re-hearing ; and so on, complying with the 83d, 84th and 85th sections of the statute, with only such modifications of the language of the statute, in the condition of the bonds to be given, as the altered mode of reviewing the decisions of the court would require.

It will be observed that the supplement to the code of precedure, which we are considering, uses the language, " security in the same manner, and to the same extent as would be required if an appeal were taken to the Court of Appeals." The security required on such an appeal, in some cases, is not confined to a bond or a deposit of money, but extends to an assignment or delivery of securities, evidences of debt, documents, chattels or things in action (§ 83)—and to the execution of a conveyance or instrument and its deposit with the clerk, (§ 84.)

The question is now before us, and we cannot therefore authoritatively determine that the term security, as used in the seventh section of the supplement, includes the matters referred to in those sections (§83 and §84) of the Revised Statutes, but as we entertain no doubt that they are included within that phrase, it may be well to give utterance to the opinion.

No re-hearing can therefore be had unless security be given as already mentioned, and that whether a stay of proceedings is desired or not, the only difference being in the nature and amount of the security, when a stay of proceedings is or is not obtained.

The Judiciary Act, §20, (laws of 1847, 326) allowing a re-hearing of any suit, or proceeding in equity heard and determined at a special term, and directing that suits and proceedings in equity shall be first heard at a special term, the foregoing remarks as to the security required on a re-hearing, apply as well to non-enumerated motions in equity as to final decrees.

Security of some sort being thus required in all cases of a re-hearing, the statute peremptorily requires that it be given " within ten days after notice of the order or decree re-heard," or, as has already been shown in cases where the order or decree has been entered, before the passage of the act, within ten days after it went into operation. This must be done by filing with the clerk, with the notice, the original bond proved and approved as specified in the 120th rule, and giving to the party

against whom the re-hearing is sought, notice thereof, specifying the amount of the penalty, and the names, additions and residence of the sureties. Unless this be done, sham security may be given, or a bond irregular and illegal in its character be filed, and the party interested be deprived of the opportunity of scrutinizing the terms on which he is to be subjected to farther litigation, or the decree in his favor is to be arrested. Without such a notice, he will either be deprived of such scrutiny or be driven to a special motion afterwards to correct the evil, thus increasing and extending litigation, which may by such a precaution be easily prevented.

None of these things have been done in this case. No security whatever has been given, and therefore, a re-hearing cannot be granted. We regret this extremely in this case. It is one of importance both as to the principle and the matters of interest involved. The question has been before the late Supreme Court, and was decided at the special term, on appeal from the late assistant vice-chancellor, and involves the merits most emphatically. The opportunity for reviewing it ought to be afforded, yet we do not see how it can be done under the peremptory provisions of this statute.

A similar question has been several times before the chancellor, under the statute relating to appeals. And it is settled that the time for appealing being fixed by statute, and not by a mere rule of court, the appeal must be dismissed, if not brought in time, as the court has no power of extending the time in such cases. (*Gay* v. *Gay*, 10 Paige, 375; *Caldwell* v. *Mayor, &c. of Albany*, 9 Paige, 574.) In the latter case it was held that it was not competent for the court to relieve the party by vacating the decree and entering it anew.

Under the circumstances we have no power to afford any relief, and must deny the motion for a re-hearing.