## NEW YORK COMMON PLEAS.

### EDWARD MATHEWS agt. JAMES DALEY, WALTER JONES and others.

A *mechanic's lien* in the city of New York, under the act of 1863, *ceases after one year* from the time of the filing of the notice of the lien, unless by an *order* of the court obtained *before the expiration of the year*, the lien is continued, and a new docket made stating such fact.

The effect of the act is not changed or altered, although proceedings may have been commenced within the year to enforce or foreclose the lien. After the lien has ceased *ipso facto*, no order directing the county clerk to discharge it is necessary; and if it was necessary, the court has no power to grant it.

*Special Term, January*, 1870.

THE motion is for an order directing the county clerk to discharge of record certain mechanics' liens. It appears that the plaintiff is the owner of premises No. 38 Broad street, in the city of New York; that in August, 1865, he entered into a contract with the defendant Jones, for the erection of a building on said lot; that said Jones made a sub-contract with one Joyce for the carpenter work; that in order to carry out his said contract, Joyce made parol agreements with the defendant Daley and others, in pursuance of which, they performed labor and furnished materials for the erection of said building. The work having been subsequently abandoned by Joyce, Daley and the other defendants, in the beginning of the year 1866, filed liens for the amounts due them respectively. Soon after the owner, Mathews, commenced a proceeding in this court against the contractor and all the lienors, to foreclose the liens. The matter was referred to a referee, who in December, 1866, made his report in favor of Daley and the other lienors, since which time, it seems, nothing has been done in the matter. With a single exception, no order of

the court continuing either of the said liens was ever obtained by any of the lienors. This motion was now made by the owner, for an order directing the county clerk to discharge the liens of record.

NILES and BAGLEY, *for motion.*
FRANCIS BYRNE, *opposed.*

LOEW, J.—Under the Mechanics' Lien law of 1863, (*Laws of* 1863, *chap.*, 500,) a lien ceases after one year from the time of filing the notice of lien, unless by an order of the court, obtained before the expiration of the year, the lien is continued, and a new docket made stating such fact. (*Sec.* 11 *of the act*; *Welch* agt. *The Mayor*, &c., 19 *Abb. Pr.*, 132; *Poerschke* agt. *Kedenburg*, 6 *Abb. Pr. N. S.*, 172). And it makes no difference that a proceeding was commenced before the expiration of the year to enforce or foreclose such lien. The decision of this court in the case of *Paine* agt. *Bonney*, (4 *E. D. Smith*, 734,) which has been cited as deciding the contrary, has no application, as it was made under the law of 1851, which provided that every lien created under that act should continue until the expiration of one year from the creation thereof, "and until judgment rendered in any proceedings for the enforcement thereof." I am aware that in *Poerschke* agt. *Kedenburg*, (*supra*) which was decided under the act of 1863, Judge BARRETT was of the opinion that, in such a case, the lien continues after the expiration of the year, without the procurement of an order of the court. But while I entertain the greatest respect for the opinion of that learned judge, and while I concede that there is a discrepancy or incongruity between the tenth and eleventh sections of the act which would seem to favor his view, still I cannot, in this instance, agree with him. The language of section 11 is clear and explicit, that "liens shall in all cases cease after one year, unless by order of the court," &c. We must bear

in mind that this statute is in derogation of the common law and should be construed strictly. In addition, it will be found on examination, that the opinion of Judge BRADY in the case of *Poerschke*, agt. *Kedenburg*, (*supra*,) and also the case of *Welch* agt. *the Mayor*, (*supra*,) and *Freeman* agt. *Cram*, (3 *N. Y.*, 308,) sustain the view of the case which I have taken. It follows that the conditions prescribed by the act must be complied with or the lien will be lost. • (*Blauvelt* agt. *Woodworth*, 31 *N. Y.*, 285). The liens in this case having ceased, *ipso facto*, no order directing the county clerk to discharge them is necessary. But even if it were otherwise, the court has no power to make such an order.

Section 10 of the act specifies in what cases liens may be discharged, by order of the court and otherwise, but does non include the one under consideration. By section 11 no power is conferred on any court to order a lien to be discharged, but all liens not continued by the court, as in said section provided, are absolutely discharged after one year, by the mere effect of the statute itself, without any other act or proceeding. My attention has been called to a decision of Judge DALY, in the case of *Jones* agt. *Poe*, (*not reported*,) which, it is claimed, is decisive of this question. From an examination of the papers on file in the clerk's office, it appears that it is a case in point, and that the learned and able chief judge did make such an order therein as is now asked for. But I am informed that it was formerly the practice to grant motions of this kind, and it seems that the point was not fully considered when the order referred to was made. I may add that I have consulted with my two associates, Judges DALY and VAN BRUNT, and am permitted to say that they both concur in the conclusions which I have arrived at in this case. The motion must be denied.