THE PEOPLE ex rel. LEWIS S. HALL *v.* RENSSELEAR LAMB, County Judge of Cattaraugus County.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

A mechanic's lien expires after the lapse of a year from the filing of the notice, and the commencement of an action thereon does not extend it beyond that time.

Accordingly where a judgment was recovered and sale made under proceedings upon a mechanic's lien, within a year from the filing of notice thereof,—*Held*, that the purchaser's title was good, notwithstanding a subsequent sale of the property under judgment obtained in proceedings upon a mechanic's lien prior in date, where the proceedings were begun within, but judgment was recovered after, a year from the filing of the notice.

The People ex rel. Hall *v.* Lamb.

CERTIORARI to remove summary proceedings under the landlord and tenant act.

*Angel & Finch,* for the relator.

*Henderson & Wentworth,* for the defendant.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

TALCOTT, J.  The relator in this case claimed title under a sale on execution issued upon a judgment rendered in proceedings to enforce a mechanic's lien, and upon the ground that the defendants held over after a sale on such execution.

The judgment under which the relator claims title was not recovered till after the expiration of a year from the time when the notice, by which the lien was acquired, was filed. This judgment was recovered on the 8th day of January, A. D. 1868.  The defendants claim title under the same lien law, but under proceedings in which the judgment was obtained and the property was sold within the year from the time of the filing of the notice of lien.  The judgment, under which the defendants claim, was recovered prior to relator's judgment.  The notices of lien were filed as follows, viz.: That under which the relator claims, on the 23d day of July, 1866; that under which the defendants claim, on the 17th day of October, 1866; and the relator claims to overreach the title of the defendants by reason of the priority of his notice of lien.

We have held at June Term in the case of *Colie & Smith* v. *O'Keel,* argued at the last June Term, which was an appeal from a judgment of the County Court of Erie county establishing a lien, after the expiration of a year; that the lien expired at the expiration of a year from the filing of the notice unless judgment was recovered in the proceedings within that period.  Our decision was based upon the language of the statute, and the express authority of a decision by the Court of Appeals. (3 Comst., 305.)

Upon the principles established in the latter case it is doubtful whether, to a judgment recovered in such proceedings, but not within the year, even the lien attached to an ordinary judgment, from the time of the docketing is obtained. (See Laws of 1854, ch. 402, § 20.)

However that may be in this case, the defendants make title under an earlier judgment, and their title is paramount, and the decision of the county judge dismissing the proceedings must be affirmed with costs, to be paid by the relator.