Young v. Young.

WILLIAM YOUNG, appellant,

v.

HULDAH B. YOUNG, administratrix, respondent.

32  275
51  495

The statute (*Rev. p. 771 § 86*) provides that an appeal from the decree of the orphans court, on a claim against an insolvent estate, must be taken within twenty days from the time of rendering the decree. Exceptions to a claim were heard October 10th, 1879. About November 15th, 1879, the court rendered its decision, but announced no time for signing the decree. The decree was signed December 2d, 1879, which was not a regular court day, and was marked as filed as of that date, by "G. L., late surrogate." G. L. was not then the surrogate of the county. On December 17th, 1879, the appellant's proctor inquired for it of the actual surrogate, who did not know of its existence, but searched for and found it on that day, and marked it filed as of that date.—*Held*, that an appeal taken on December 31st, 1879, was within the time limited by the statute.

Appeal from decree of Warren orphans court, refusing to allow a claim of a creditor against an insolvent estate. Motion to dismiss the appeal.

*Mr. Charles A. Lott*, for the motion.

*Messrs. J. G. Shipman & Son*, contra.

THE ORDINARY.

The estate of Jacob Young, deceased, was declared insolvent. A claim, put in by William Young, was excepted to and disallowed by the court, by decree dated December 2d, 1879. An appeal was taken by William Young on the 31st of that month, twenty-nine days after the date of the decree. The statute provides that an appeal in such a case must be taken within twenty days from the time of rendering the decree. (*Rev. p. 771 § 86.*)

When was the decree rendered in this case, within the meaning of the law? The time is to be computed, not from the time when the decision was announced, but from the

time when the decree was reduced to writing, signed and filed or entered on the minutes of the court. *Hillyer* v. *Schenck, 2 McCart. 398.*

The decree was not entered of record until after January 1st, 1880. It was rendered during the term of office of the present surrogate. The certificate of filing endorsed on it is signed by George Lomasson as "late surrogate," and certifies that it was filed December 2d, 1879, the day of its date. Lomasson, indeed, was, as he states, not surrogate then, and he had no right whatever to certify to the filing of a paper in the surrogate's office as of that date. But the certificate is signed, also, by the present surrogate, who was the lawful surrogate at the time when the decree was filed, and the signature, "George Lomasson, late surrogate," may be disregarded as surplusage.

The exceptions were heard October 10th, 1879. On a day about the middle of November following, the court announced that it would render its decision that afternoon. It appears to have done so accordingly, in the presence of one of the proctors of the appellant. It fixed no time for signing the decree. It was signed December 2d, 1879. That was not a regular court day. Friday, the 5th, was. After the decree was signed, one of the proctors of the appellant inquired for it in the surrogate's office. The surrogate said he did not know whether it had been signed or not, but would look for it amongst the papers of the late surrogate. He did so, and found it there. It appears, then, that the decree, although marked as having been filed December 2d, 1879, had been so marked by the late surrogate, and not by the proper officer; and it seems not to have been actually on file when the proctor for the appellant asked for it on the occasion just referred to. The present surrogate had not then signed the certificate of filing. It would not be just, under the circumstances, to hold that the decree was filed on the 2d of December. It was filed on the day when the present surrogate found it and signed the certificate of filing. The proctor of the appellant says that

the appeal was drawn on that day, which appears, by the date of the notice, to have been the 17th of December.   If such are the facts (and they are not denied), the appeal was not lost, but must be held to have been taken within the time fixed by the statute for the purpose.

The motion will be denied, but without costs.