JOSEPH DART AND ERASTUS D. DART, RESPONDENTS, *v.* WILLIAM C. FITCH, APPELLANT.

*Buffalo mechanics' lien law — chapter 305 of 1844, chapter 872 of 1871 — the notice must contain the facts required in a complaint — the lien ceases unless the judgment is entered within a year — court cannot extend the time.*

The plaintiffs having furnished materials to one Sliker, who had contracted to erect a building upon land in the city of Buffalo belonging to the defendant, filed a notice of lien against the premises under section 1 of chapter 305 of 1844, as amended by chapter 872 of 1871. The notice served by him, as required by section 6 of the act of 1844, in instituting proceedings to foreclose the lien did not allege that there was anything due, or to become due, to Sliker on his contract with the defendant, or that the defendant was in any way indebted, or was to become indebted, to him thereon.

*Held,* that the notice required by the act took the place of a complaint, and was subject to the rules governing pleadings in other actions.

That as it did not show that the defendant was or would become indebted to Sliker under the contract, it did not state facts sufficient to constitute a cause of action and should have been dismissed.

The notice was filed in the clerk's office on October 25, 1877. On October 21, 1878, the report of the referee in favor of the plaintiffs was filed, and on

October twenty-fifth judgment in their favor was entered therein. On November twenty-third an order was made setting aside the judgment as prematurely entered, and directing that a judgment be entered *nunc pro tunc* as of October 26, 1878.

*Held*, that under section 6, of chapter 872 of 1871, the lien expired, unless judgment was entered within one year from the time of the filing of the notice.

That though the court had power to order its judgments to be entered *nunc pro tunc*, it could not thereby extend the time limited by the statute within which the lien must be prosecuted to judgment.

APPEAL from a judgment in favor of the plaintiffs entered upon the report of a referee. The referee's report was filed on October 21, 1878, and a judgment was entered thereon on October twenty-fifth. On November twenty-third the judgment was set aside as prematurely entered, and a judgment ordered to be entered *nunc pro tunc* as of October twenty-sixth. The notice of lien was filed in the county clerk's office October 25, 1877.

*W. C. Fitch*, in person, for the appellant. The plaintiffs could not recover without affirmative proof that money had become due from the defendant to Sliker. (*Cox* v. *Broderick*, 4 E. D. Smith, 721; *Ferguson* v. *Burke*, id., 760, 766; *Baily* v. *Johnson*, 1 Daly, 61; *Haswell* v. *Goodchild*, 12 Wend., 373.) The facts necessary to be proven, in any case, must be stated in the notice or complaint. (*Broderick* v. *Poillon*, 2 E. D. Smith, 554; *Quinn* v. *The Mayor, etc.*, id., 558; *Conkling* v. *Gandall*, 1 Keyes, 228; *Craig* v. *Swinerton*, 3 Weekly Digest, 151; *Thomas* v. *Industrial University*, 71 Ill., 310–313; *Brown* v. *Lowell*, 79 id., 484; *City of Crawfordsville* v. *Irwin*, 46 Ind., 439; *Shaw* v. *Allen*, 24 Wis., 563; *Miner* v. *Langan*, 2 Weekly Digest, 482; *Sampson* v. *Buffalo, etc., R. R. Co.*, 6 id., 74.) As between defendant, as the alleged owner and plaintiffs as sub-contractors, the authorities hold, and they are numerous and undisputed, that no judgment can be entered after the expiration of the year. (3 R. S. [6th ed.], 810, § 3; *O'Donnell* v. *Rosenberg*, 9 Alb. Law Jour., vol. 7, p. 333; 14 Abb. [N. S.], 59; *Colie* v. *O'Keel*, 3 Alb. Law Jour., 13; *Huxford* v. *Bogardus*, 40 How., 94; *Benton* v. *Wickwire*, 54 N. Y., 226; *People ex rel.* v. *Hall & Lamb*, 3 Lans., 134; *Grant* v. *Vandercook*, 57 Barb., 165; *Freeman* v. *Cram*, 3 N. Y., 305.)

*H. C. Day*, for the respondents.

TALCOTT, P. J. :

The judgment ordered by the referee, which is appealed from in this case, adjudges that the plaintiffs, who are materialmen, proceeding under chapter 872 of the Laws of 1871, have a lien on the premises in question, for certain materials found to have been furnished by the plaintiffs to one Henry Sliker, under a contract made by the defendant with said Sliker, to erect a certain building in the city of Buffalo for the defendant. The legislation in reference to "mechanics' liens" is in such a confused state that it is difficult to ascertain what law creating and enforcing such liens is in force, so far as regards the city of Buffalo.

The first section of the act of 1871 (made by section 12, applicable to the city of Buffalo only) assumes that the act of 1844 is in force and purports to be an amendment of that act, and the counsel for both parties seem to assume that chapter 305 of the Laws of 1844, entitled "An act for the better security of mechanics and others, erecting buildings and furnishing materials therefor in the several cities in this State (except the city of New York) and the villages of Syracuse, Williamsburgh, Geneva, Canandaigua, Oswego and Auburn," is applicable to the city of Buffalo, in connection with the act of 1871, before referred to, which, by section 12, is made applicable to the city of Buffalo alone.

By the act of 1844, section 1, it is provided, in substance, that any person who, in pursuance of an agreement with any contractor, shall, in conformity with the terms of the contract of the latter with the owner, perform any labor or furnish any materials in building any house, shall have a lien for the value of such labor and materials, provided that such owner shall not be obliged, for or on account of such building, etc., to pay any greater sum or amount than the price stipulated therefor in the contract between the owner and the contractor; and the act of 1871 provides, in substance (section 1), that the filing of the specifications and statements, and serving notice thereof, may be made at any time, prior to four months after such labor shall have been performed, or material furnished, for the amount of the labor performed or materials furnished, whether before or after such filing and service. By section 4 of the act of 1871 it is provided, in substance, that the person so furnishing material, may, at the time of giving the notice

as prescribed in the act, demand of the owner the terms of the contract between the owner and contractor, and the amount due and unpaid to the contractor, and it imposes a liability on the owner in case of any loss sustained by the materialman for any neglect to furnish the statement, or for any false statement.   By section 6 of the same act it is further provided, in substance, that proceedings may be instituted to enforce such lien at any time after the perfecting thereof, by the filing of the specifications and service of the notice, *within one year from the time of filing the same*, by serving the owner with a verified copy of such specifications, with a notice containing a statement of the facts constituting such lien, and gives the owner twenty days after such service to answer the same.   The act of 1844, together with the act of 1871, and all other statutes intended to secure the liens of mechanics and materialmen, are intended to be so guarded as carefully to protect the owner from being required to pay to the parties furnishing labor or material for a building, any amount beyond that in which he is indebted to the contractor, unless he shall neglect to make the statement of the terms of the contract, required in section 4, of the amount due and unpaid thereon, or shall make a false statement in reference thereto.

The notice required by section 6, chapter 872 of 1871, " containing a statement of the facts constituting such lien," answers the place of a declaration or complaint to which the owner may answer or demur.   So, in section 6 of the law applicable to fifty-five counties (3 R. S. [6th ed.], 792), the proceeding to enforce the lien is called an action " commenced by serving a notice containing a statement of the facts constituting the claim."

In the notice in this case the claimants allege the furnishing the materials to Henry Sliker, and that they were used by him in the erection and completion of the defendant's house under his contract with the defendant, but they nowhere aver that anything is due, or even to become due, to Sliker on the contract with defendant, or that the defendant is in any way indebted to, or to become indebted to, Sliker.

The defendant in his answer denies any such indebtedness, and at the commencement of the reference moved to dismiss the complaint or notice, by the service of which the action was commenced, " on the ground that it does not state facts sufficient to constitute a

cause of action, for the reason that it does not show that at or since the time of filing the notice of lien a payment was or is due from the defendant to the contractor Sliker." On the denial of the motion the defendant excepted to the decision. We think the defendant was correct in his objection to the complaint. Before any judgment could have been rendered against the defendant establishing a lien on his property it certainly should be averred the defendant then was, or under the contract would become, indebted to Sliker, otherwise there could be no warrant for instituting proceedings against the defendant and his property more than against any other person in the community; and the want of such allegation is, we think, a fatal defect in the complaint or notice.

It does not "contain a statement of the facts constituting" any lien, or entitling the claimant to any judgment, but is wholly defective in matter of substance.

The complaint is subject to the rules governing pleadings in other actions. (*Duffy* v. *Brady*, 4 Abb. Pr., 432; *Craig* v. *Swinerton*, 8 Hun, 144; *Bailey* v. *Johnston*, 1 Daly, 61; *Haswell* v. *Goodchild*, 12 Wend., 373; *Doughty* v. *Devlin*, 1 E. D. Smith, 625.) Unless something is due from the owner to the contractor no valid lien can be created. (*Sampson* v. *Buffalo, etc., R. R. Co.*, 13 Hun, 280; *Meyer* v. *Beach*, 6 Weekly Dig., 409; *Cox* v. *Broderick*, 4 E. D. Smith, 721; *Ferguson* v. *Burk*, id., 760, 766; *Bailey* v. *Johnson*, 1 Daly, 61; *Haswell* v. *Goodchild*, 12 Wend., 375; *Broderick* v. *Poillon*, 2 E. D. Smith, 554; *Quinn* v. *The Mayor*, id., 558; *Conkling* v. *Gandall*, 1 Keyes, 228.)

The act of 1871 (§ 6) provides that proceedings may be instituted to enforce the lien "at any time after the perfecting thereof by the filing of the specifications and serving of the notice, *and within one year from the time of filing the same.*"

The plaintiffs in this case, as it appears, filed their notice in the clerk's office of Erie county on the 25th of October, 1877.

The judgment was prematurely entered according to the decision of the Court of Appeals in *Marvin* v. *Marvin* (75 N. Y., 240), having been entered before the expiration of four calendar days after the filing of the decision. On motion it was set aside on the 23d of November, 1878, but the justice at Special Term who

made the order setting the same aside, ordered the judgment to be entered *nunc pro tunc* as of the 26th of October, 1878, at which time it could regularly have been entered. This court had decided in *Colie and another* v. *O'Keel* (3 Alb. Law Jour., 13), following the case of *Freeman* v. *Cram* (3 Comst., 305), that the lien expires in one year from its commencement, under the mechanics' lien law applicable to the city of Buffalo. (*People ex rel. Lewis* v. *Lamb*, 3 Lans., 134; and see *Mathews* v. *Dalcy*, 7 Abb. Pr. [N. S.], 379; S. C., 38 How. Pr., 382.) It is stated that the order, directing the entry of the judgment *nunc pro tunc* as of the 26th of October, 1878, has been appealed to the Court of Appeals and there affirmed. Though the justice who made the order at the Special Term was, perhaps, moved to allow the judgment to be entered *nunc pro tunc* in view of the possibility that thereby the lien of the plaintiffs might be saved, yet it does not appear that either of the appellate courts entertained that supposition.

The Supreme Court had the power to order its judgment to be entered *nunc pro tunc*, and the order would be affirmed by the Court of Appeals on the ground that it was a matter which appertained to the practice in the Supreme Court, and the order was not necessarily erroneous. But it does not appear that the affirmation of the order by the Court of Appeals involved any consideration of the supposed reason which may have induced the justice at the Special Term to order the judgment entered *nunc pro tunc*. It perhaps was a sufficient reason that such an order would enable the materialman to present the question as to its effect in the regular way, on a trial on which exceptions could be taken and the question be deliberately adjudicated.

That question has now arisen and is presented by this case.

It is well settled, both upon principle and by authority, that these *mechanics' liens* as created by statute, are the mere creatures of the statute creating them. They confer a new right, unknown to the common law, and the statutes creating them are to be strictly construed. (*Roberts* v. *Fowler*, 4 Abb. Pr. Rep., 263; *Rollin* v. *Cross*, 45 N. Y., 767.)

This being the rule by which these statutory liens are to be construed, we are of the opinion that the limitation prescribed by the statute cannot be extended beyond the year by the court, and what

it cannot do directly it cannot do by indirection, that is, by an order which the court has the general power to make, but which, by its collateral operations would extend the time limited by the statute within which the lien must be prosecuted to judgment.

This, it has been held, the court cannot do in regard to the time of appealing. (*Caldwell* v. *The Mayor, etc.*, 9 Paige, 572; *Bank of Monroe* v. *Widner*, 11 id., 529; *Stone* v. *Morgan*, 10 id., 615; *Renouil* v. *Harris*, 2 Sandf., 641; *Bryant* v. *Bryant*, 4 Abb. Pr. [N. S.], 138.)

As any new trial would be useless, the time to enter the judgment having expired, the judgment is reversed, with costs to the appellant.

SMITH and HARDIN, JJ., concurred.

Judgment reversed and judgment ordered for the defendant, with costs.