Mount v. Van Ness.

---

JOSEPH S. MOUNT, administrator, appellant,

*v.*

GEORGE VAN NESS, respondent.

By statute, certain appeals from orders of the orphans court must be demanded within three months. On June 18th, 1880, an order was signed, and on the same day marked filed by the surrogate, who did not know its contents. It remained in the surrogate's office until July 17th, 1880, when it was inadvertently sent up to the prerogative court with the papers in another appeal between the same parties, on a decree rendered in the settlement of the same estate. It remained there until discovered on February 10th, 1881, when it was taken back to the surrogate's office, and, by order of the orphans court, on February 18th, 1881, marked refiled. The evidence showed that the surrogate had been frequently applied to, in the meanwhile, by the proctor of the

appellants, and, in ignorance or forgetfulness of the order, had informed him that no order in the case had been made. Careful search for the order was also made in the surrogate's office, by the surrogate and the proctor.—*Held*, that the orphans court had no power to direct the order to be refiled, so as to extend the time for appealing, but, nevertheless, that the appellant could not, by the mistake of the surrogate, be deprived of his right of appeal

Appeal from the order of Mercer orphans court. Motion to dismiss.

*Mr. J. Wilson,* for the motion.

*Mr. A. G. Richey* and *Mr. G. D. W. Vroom, contra.*

THE ORDINARY.

The respondent moves to dismiss this appeal, on the ground that it was not taken within the time limited by the statute. The order appealed from was one charging the appellant with interest on the amount of a payment disallowed and stricken out of his account by the court. It was made June 18th, 1880, but the appeal was not taken until March 30th, 1881. The statute provides that the appeal, in such case, shall be demanded within three months from the making of the order, "unless otherwise specially provided." The order in question was made after full discussion by counsel and deliberate consideration on the part of the court. The argument was heard in May, 1880, and the opinion of the court was not filed until the 1st of June following. None of the proctors or counsel on either side was present when it was handed to the clerk (the surrogate) to be filed. Subsequently, the proctor of the respondents, meeting one of the judges in the street, was informed by him that it had been filed. The proctor of the respondents soon afterwards prepared the order, and, at a regular term of the court, held June 18th, 1880, presented it for signature, and it was signed accordingly; and he handed it at once to the surrogate, or his clerk, to be filed. It appears that the surrogate's clerk wrote on it, "Filed, June 18th, 1880," and the surrogate signed this

Mount *v.* Van Ness.

certificate, " Scudder, surrogate," but at what time the certificate was made or signed, does not appear.

The order seems to have remained in the surrogate's office until July 17th, 1880, when it was inadvertently sent by the surrogate to the office of the register of the prerogative court, with the proceedings in reference to a former decree, made in the settlement of the same estate, from which an appeal had been taken. It remained there until February 11th, 1881. On the 10th of February, 1881, the proctor of the respondent, being in the office of the proctor of the appellant, the latter spoke of the order, saying that he had inquired of the surrogate for it, and that the surrogate had told him it had not been filed. The proctor of the respondent assured him that the surrogate was mistaken, and told him that he had drawn the order and caused it to be filed. The next day the proctor of the respondent went to the surrogate's office, and asked the surrogate for the order. The latter replied that it was not on file, and that he had no recollection of having ever seen it. The surrogate, on being assured by the proctor of the respondent that it had been filed, made search for it, but could not find it. He then suggested that it might have been sent to the register's office with the before-mentioned proceedings in reference to the decree. Subsequently it was found among those proceedings. The orphans court, on the matter being brought to its notice by the proctor for the appellant, directed that the order be refiled, and it was accordingly marked " Refiled, February 18th, 1881, by order of the orphans court." The appeal, as before stated, was taken on March 30th, 1881.

The respondent's counsel insists that, inasmuch as the appeal was not demanded within three months from the time when the order was filed, the right of appeal is lost; that the orphans court could not extend the time for appealing, and could not revive the right by directing that the order be refiled; and that the appeal, not having been demanded within the time limited by the statute, the respondent, *ipso facto*, acquired a vested right to hold the order. as established, and without liability to be required to defend it on appeal.

It is undoubtedly true that it is not in the power of the orphans court to extend the time fixed by statute for demanding an appeal from its order or decree. The constitution (*Art. VI.* § 4) provides that all persons aggrieved by the order, sentence or decree of the orphans court, may appeal therefrom, or from any part thereof, to the prerogative court, and the legislature (*Rev.* 791 § 176) has made like provision, with a limitation as to the time within which the right is to be exercised, providing that the appeal is to be demanded within thirty days after the order or decree, if the appeal is from an order or decree respecting the probate of a will, or right of administration, or the fairness of an inventory, and within three months after the making of the order or decree in any other case, unless otherwise specially provided : that is, otherwise provided by statute. The right of appeal is, by the act, made conditional upon the appeal being demanded within the time fixed by the statute; and the time is to be computed from the time when the order or decree appealed from was reduced to writing and filed, or entered in the minutes of the court. *Hillyer* v. *Schenck, 2 McCart. 398.* It has been repeatedly decided elsewhere that, where a party has failed to comply with the statutory provision as to the time for appeal, his right of appeal cannot be revived by re-entering the decree in order to enable him to appeal. *Townsend* v. *Townsend, 2 Paige 413 ; Barclay* v. *Brown, 7 Paige 245 ; Caldwell* v. *Mayor &c. of Albany, 9 Paige 572 ; Bank of Monroe* v. *Widner, 11 Paige 529 ; Weed* v. *Lyon, Walk. Ch. 77.* In the case in hand, the orphans court could not, had the failure to appeal within the time fixed by law been due to the negligence or mistake of the appellant, have given him further time to appeal by directing that the order be refiled for that purpose. But the proofs show that, although the order was filed on the 18th of June, 1880, the surrogate replied to the repeated inquiries made of him by both proctor and counsel during the summer of that year, with a statement that it had not yet been made. And he was sincere in this ; for, though he signed the certificate of filing endorsed on it, he appears to have done so without knowing what the paper was, and he had no knowledge that the order had been

Mount *v.* Van Ness.

made. From the 17th of July, 1880, to February, 1881, the order was not in the surrogate's office at all, but was in the office of the register of the prerogative court, where it had been sent by the surrogate by mistake. So that, for about two months of the three given for appeal, not only was the existence of the order denied by the official custodian thereof, but it was not in his office ; and therefore, though one of the appellant's counsel personally made search for the order in that office during that period, he could not find it. Nor does there appear to have been any record of it. Whether the respondent has acquired the vested right which he claims, to hold the order as established, and clear of liability to reversal on appeal, must, of course, depend on whether the appellant lost his right of appeal, under the circumstances, with the lapse of the period of three months. The action of his adversary, or of the court or its clerk, may be such, in concealing the existence of the order or decree from the party aggrieved, as to save his right of appeal, notwithstanding the expiration of the time for appealing fixed in the statute.

In Hillyer *v.* Schenck, the court said, (Green, ordinary) :

"If the court had met and made the decree privily or without full notice to the appellant, clearly his right of appeal would not have been lost. Much more, if the fact of the decree had been intentionally concealed from the proctor of the party aggrieved, or its existence denied or any artifice or fraudulent practice resorted to to deprive him of the opportunity of appeal, the right of appeal would not have been lost. But there was no allegation of fraud or unfair practice. The court met by formal appointment to decide the cause ; the decision was made in the hearing of both proctors ; an adjournment was immediately and publicly made in the presence of the proctor of the aggrieved party to an early day, that the decree might be formally prepared for signature. On the day thus designated, the court met, the decree was signed and immediately placed on file, where it thereafter remained until the time for appealing had expired."

Said Chancellor Walworth in Barclay *v.* Brown, before cited :

"The appellant's solicitor was not misled or prejudiced in this case by the mistake in the caption of the decree, as he knew it was antedated as of the time of the hearing before the vice-chancellor. Neither was he prejudiced by anything which occurred in the clerk's office, as he did not examine the

books for the purpose of ascertaining when the decree was actually entered. If he .had done so, and had been misled by any neglect or mistake of the clerk, it might be a sufficient ground for an application to the vice-chancellor to have the decree re-entered with a corrected caption; so as to give his clients an opportunity to appeal from the decree within the time allowed by law after a re-entry thereof."

In the case under consideration, the fact that the order had been made was concealed from the party aggrieved by the denials of the clerk of the court, the official custodian thereof, that it had ever been made, and, as before stated, for about two months of the statutory time for appealing, the order was not in the surrogate's office, but in the office of the register of the prerogative court, where it had been sent by the surrogate by mistake. In *Young* v. *Young, 5 Stew. Eq. 275,* a decree of the orphans court disallowing a claim against an insolvent estate was made (but not on a regular court day) and marked filed by a person who had been, but was not then, surrogate, and who signed the certificate of filing with his own name as late surrogate. The surrogate was not aware of its existence until, fifteen days afterwards, the proctor of the appellant inquired for it and it was then found. The surrogate then or afterwards signed the beforementioned certificate of filing. The statute provided that the .appeal must be taken within twenty days from the time of rendering the decree. It was held that though the decree was actually rendered on the 2d of December, and signed and marked as filed on that day by both the late surrogate and the surrogate, yet that in fact it must, under the circumstances, he held, in view of the appellant's right of appeal, not to have been rendered until the 17th, when it was first marked as filed by the proper officer. Obviously it makes no difference whether the action of the adverse party or of the court or its clerk, which prevents the party aggrieved from appealing, is the result of fraudulent design or honest mistake. The consequence is the same. The appeal in the present case was, indeed, not demanded within three months from the time when the order was filed, but notwithstanding due diligence on their part, the proctor and counsel of the appellant could not, during that time, ascertain

that it had been filed.    Its existence was denied by the officer in whose custody it would be found if it existed.    And it was not until February 11th, 1881, that its existence was admitted by that officer.    Under the circumstances, the appeal will be held to have been demanded within the time allowed by law.    The motion, therefore, will be denied, but without costs.