Mount *v.* Slack.

GEORGE W. MOUNT, administrator, appellant,

*v.*

CLARENCE M. SLACK, administrator, respondent.

1. The time within which an appeal from the orphans court is to be taken, is computed not from the delivering of the court's opinion, but from the signing, filing or entering of the order or decree in the minutes of the court.

2. After the account of two administrators, allowing commissions in a gross sum to both, had been passed, one of them, alleging that his co-administrator had possessed himself of all of the commissions, filed a petition in the orphans court to compel his co-administrator to pay him one-half thereof—*Held*, that the orphans court had no jurisdiction to grant the order.

Appeal from order of Middlesex orphans court.

NOTE.—Where there are several executors or administrators, they are entitled jointly to no more for their services than what would be an adequate compensation to one, *Phillips* v. *Richardson, 4 J. J. Marsh. 212, 214; Savage* v. *Sherman, 24 Hun 307; Walker's Estate, 9 Serg. & R. 223; Valentine* v. *Valentine, 2 Barb. Ch. 430.*

Where there are two executors, and the will fixes the commission of one, the court can only allow one-half the maximum rate to the other, *Lee* v. *Lee, 6 Gill & J. 316; Edwards's Succession, 34 La. Ann. 216; Secor* v. *Sentis, 5 Redf. 570; Oden* v. *Windley, 2 Jones Eq. 440; Guien's Estate, 1 Ashm. (Pa.) 317.*

Where an executor, qualified and offered to act eighteen years after the testator's death, but the other two executors, who had duly qualified, retained the estate—*Held*, that he was not entitled to commissions, *Walke* v. *Hitchcock, 5 Redf. 217.*

In *Lemmon* v. *Hall, 20 Md. 168,* the allowance of the maximum commission fixed by statute, to an administrator, was held not to deprive an administratrix *de bonis non* after his death of full commissions on the balance remaining in the administrator's hands.

In *Schoeneich* v. *Reed, 8 Mo. App. 356, 363,* an executrix made no claim for commissions, and it was held that her co-executor was entitled to the full amount.

Ordinarily, commissions should be equally divided, where there are several executors, *Squier* v. *Squier, 3 Stew. Eq. 627; Bohde* v. *Bruner, 2 Redf. 333; Van Nest's Estate, 1 Tuck. 130; Seitz's Case, 6 Mo. App. 250;* but, where one has performed more than his share of the work, the court may allow him a proportionate share of the commissions, *Smart* v. *Fisher, 7 Mo. 580; Grant* v.

Mount v. Slack.

*Mr. G. O. Vanderbilt,* for appellant.

*Mr. C. T. Cowenhoven,* for respondent.

THE ORDINARY.

The decision upon which the order appealed from was entered, was pronounced on the 15th of February, 1884, but the order was not signed until the 29th of May following. The appeal was taken on the 9th of July. The respondent insists that it was not taken within the time limited by law; that the three months began to run from the time when the decision was announced, and not from the date of the order. It has been repeatedly held that the time within which an appeal is to be taken is to be computed, not from the time when the decision was announced, but from the time when the order or decree was signed and filed,

---

*Pride,* 1 *Dev. Eq. 269;* *Hodge* v. *Hawkins,* 1 *Dev. & B. Eq. 564;* *Walker's Estate,* 9 *Serg. & R. 223;* *Valentine* v. *Valentine,* 2 *Barb. Ch. 430;* *Huggins* v. *Rider,* 77 *Ill. 360;* *Hill* v. *Nelson,* 1 *Dem.* (*N. Y.*) *357;* but see *Richardson* v. *Stansbury,* 4 *Harr. & J. 275.*

On the death of one of two executors, both of whom had undertaken the trust, the survivor was held not entitled to commissions on that part of the estate in his deceased co-executor's hands, *Perry* v. *Maxwell,* 2 *Dev. Eq. 488.*

If all the commissions are allowed to one of two executors, the legatees cannot object, *Claycomb* v. *Claycomb,* 10 *Gratt. 589;* *Stephenson* v. *Phillips,* 1 *Zab. 70.*

An agreement between two executors that one should receive two-fifths of the commissions charged by the other, who settles a separate account, is not illegal, if it appear that the former has transacted part of the business of the estate, *Aston's Estate,* 5 *Whart. 228;* *Brown* v. *Stewart,* 4 *Md. Ch. 368.*

Where an administrator &c. *resigns,* the amount of his commissions must be equitably adjusted by the court, relative to the amount of his services, and what still remains to be done. *Ord* v. *Little,* 3 *Cal. 287;* *Marvin's Case, Myrick* (*Cal.*) 163; *Day's Case,* 3 *La. Ann 624;* *Cherry* v. *Jarratt,* 25 *Miss. 221;* but see *Jones's Case,* 4 *Sandf. Ch. 615;* *Moffatt's Case,* 24 *Hun 327;* or where he *dies, Milne's Succession,* 1 *Rob.* (*La.*) *401;* *McPherson* v. *Agnew,* 5 *Gill & J. 60;* *Parker* v. *Gwynn,* 4 *Md. 423;* *Selby* v *Selby,* 1 *Bland 149,* note; *Effinger* v. *Richards,* 35 *Miss. 540;* *Perry* v. *Maxwell,* 2 *Dev. Eq. 488, 507;* *Corbin* v. *Howell, Bail. Eq. 183;* *Turner* v. *Turner,* 1 *Gratt. 11;* *Lay* v. *Lay,* 10 *S. C. 208;* but where a guardian dies, his administrator is not entitled to commissions for paying over the ward's funds to the new guardian, *Floyd* v. *Priester,* 8 *Rich. Eq. 243;* see *Adams* v. *Latham,* 14 *Rich. Eq. 304;* nor are surviving executors entitled to

Mount v. Slack.

or entered in the minutes of the court. *Hillyer* v. *Schenck, 2 McCart. 398; Young* v. *Young, 5 Stew. Eq. 275; Mount* v. *Van Ness, 7 Stew. Eq. 523.* The appeal in this case was therefore taken in due time.

The order appealed from is one dismissing the petition of the appellant, as one of the two administrators of the estate of Enoch Mount, deceased, for an order of the orphans court requiring his co-administrator, the respondent, to show cause why he should not pay to the appellant one-half of the commissions allowed to them upon the passing of their joint account as such administrators. The petition, it may be observed, did not pray for an order requiring the respondent to pay, but to show cause why he should not pay. It was treated, however, as an application for an order requiring him to pay half of the commissions to the appellant. The court granted the order to show cause, and

commissions on a sum paid to the representative of a deceased co-executrix for arrears of commissions due her, *Betts* v. *Betts, 4 Abb. N. C. 324, 438;* nor the administrator of a deceased executor paying over the moneys of the testator in the intestate's hands to a surviving executor, *Griffin* v. *Bonham, 9 Rich. Eq. 71;* or, where the administrator &c. is *removed, Spratt* v. *Baldwin, 33 Miss. 581, 34 Miss. 327; Barton's Estate, 55 Cal. 87; Fournier* v. *Ingraham, 7 Watts & S. 27;* see *Rice's Succession, 14 La. Ann. 317; Foley* v. *Egan, 13 Abb. Pr. (N. S.) 361, note;* or, where, having partly administered, he removed from the jurisdiction of the court, *Berry's Case, 1 Bland 149, note;* or, where a sale of lands made by him had been set aside, without any blame having been imputed to him, and afterwards his successor sold the same property, *Lawson* v. *State, 1 Bland 149, note.*

The orphans court has no power in Pennsylvania to apportion the commissions, where there are conflicting claims by different executors as to the amount due each one, *Davis's Estate, 1 Phil. 360;* see *Wickersham's Appeal, 64 Pa. St. 67; Stevenson's Estate, Pars. Eq. 18; aliter,* in Alabama, *Carver* v. *Hallett, 26 Ala. 722.*

An action at law will not lie by one executor against another, after an order of the orphans court has fixed the amount due to the plaintiff, *Carver* v. *Hallett, 26 Ala. 722; Hope* v. *Jones, 24 Cal. 89;* nor, before such order apportioning the commissions, *White* v. *Bullock, 4 Abb. App. Dec. 578,* reversing *20 Barb. 91.*

An action of debt to recover one-half the commissions was held to lie by one administrator against another, who had received them all, *Bush* v. *McComb, 2 Houst. 546;* or, *assumpsit, Richardson* v. *Stansbury, 4 Harr. & J. 275;* or, a bill in equity, *Walton* v. *Erwin, 1 Ired. Eq. 136.*—Rep.

on hearing it dismissed it and the petition on the ground of want of jurisdiction. The application was based on the one hundred and twelfth section of the orphans court act (*Rev. p. 776*), which provides that where any difference arises between executors, administrators, guardians or trustees in regard to the proportion of commissions between them, the orphans court shall determine the same, having· regard to their respective services. No difference arose on the passing of the account as to the proportion of commissions which each administrator should receive, but the commissions were allowed (so far as appears, without objection) in a gross sum to both. The application under consideration was an attempt by the appellant to compel his co-administrator to pay him his share of them. The petition alleged that the latter had possessed himself of the whole amount, and refused to pay the petitioner his share. The above-quoted section of the act confers no jurisdiction upon the orphans court to compel payment by one administrator to another of his share of the commissions allowed in gross to both. It is obvious that the section referred to gives the court no jurisdiction over such a ˋsuit. The differences to which it relates are only such as arise in regard to the proportion of the commissions to which each of· several executors, administrators, guardians or trustees may be entitled in respect of his services, and are to be adjusted by the adjudication of the court on the passing of the account. The proceeding under review was not in form, nor was it in effect, an application to open the account for fraud or mistake in regard to the commissions. Neither fraud nor mistake was alleged. Nor was it an application to review in any way on any ground the decision of the court as to the commissions. No complaint was made of its award in that respect. There is no error in the order appealed from. It will be affirmed, with costs.