11 N.J. Super. 329 (1951)
78 A.2d 287
HARDON, INC., PLAINTIFF-RESPONDENT,
v.
THE BERGENFIELD NATIONAL BANK AND TRUST COMPANY, SUBSTITUTED ADMINISTRATOR OF THE ESTATE OF JULIA SLATER, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided January 24, 1951.
*330 Before Judges FREUND, PROCTOR and ROGERS.
Mr. James A. Major argued the cause for the appellant (Mr. Clyde Christie, attorney).
Mr. Horace F. Banta argued the cause for the respondent (Mr. Louis Liebowitz, attorney).
The opinion of the court was delivered by PROCTOR, J.A.D.
This is an action to quiet title to certain premises in the Borough of Bergenfield, Bergen County.
Plaintiff's title depends on the foreclosure of a tax lien by a predecessor in title. Defendant asserts it is the holder of a mortgage on the property as substituted administrator of *331 Julia Slater, the original owner of the mortgage, who died on November 5, 1931. On May 4, 1934, Lillian Brant was appointed administratrix of the estate of Julia Slater. The bill to foreclose the tax lien, in which Lillian Brant as administratrix of the estate of Julia Slater was made a party defendant, was filed on April 6, 1936. Though served with process, she failed to answer, and a final decree was entered against her June 24, 1936. As a result of several mesne conveyances, plaintiff became seized of the property in December, 1939. It appears that an order, removing Lillian Brant as administratrix and directing the appointment of the Bergenfield National Bank and Trust Company as substituted administrator, had been signed by a judge of the Orphans' Court on December 4, 1935, but, because of non-payment of fees, this order, together with a petition and bond, had been held in the office of the surrogate without being recorded, filed or indexed. On January 13, 1939, the fees were paid, whereupon the documents were duly recorded, filed and indexed, and letters were issued to defendant. The pretrial order provides:
"At the time of the tax foreclosure the indices of records of the Bergen County Surrogate failed to disclose the petition and order for the removal of Lillian Brant as administratrix, or the bond given by The Bergenfield National Bank and Trust Company."
The trial court held the tax lien foreclosure decree against Lillian Brant as administratrix of the estate of Julia Slater extinguished any interest which the estate as holder of the mortgage had in the property. (8 N.J. Super. 486 (Ch. Div. 1950)).
Appellant contends that a valid decree cannot be entered in a tax lien foreclosure suit against an estate where process is served on a party who has been removed as administratrix, even though the order of removal was not recorded or indexed.
At the time of the tax lien foreclosure, the records in the surrogate's office disclosed that Lillian Brant was the administratrix of the estate of Julia Slater. Though the order of removal should have been recorded (R.S. 2:31-20), *332 the surrogate was under no duty to record it until the recording fees were paid. R.S. 22:4-17; R.S. 22:4-19. One may rely on the record title to property, in the absence of actual knowledge of title in fact, or of facts sufficient to put him on inquiry in respect thereto. "This protection extends to all persons who rely, and are justified in relying, on the record in dealing with real property. If this were not so, no one would be safe in purchasing real estate. * * * He who acts in reliance on the record has behind him not only the natural equities of his position, but also the special equity arising from the protection afforded everyone who trusts the record." 45 Amer. Juris., Records and Recording Laws, § 82.
The order of removal of Lillian Brant as administratrix, no matter how binding it might be on the parties immediately involved in the proceeding from which it resulted, not having been recorded, was ineffective as to the plaintiff's predecessors in title and, of course, as to the plaintiff. In Lyczak v. Margulies, 8 N.J. Misc. 549 (Sup. Ct. 1930); affirmed, 109 N.J.L. 352 (E. & A. 1932), the applicable principle was stated:
"* * * the adjudications of our courts can only be known through the records thereof, perpetuated in the minutes of such tribunals and other established places of record. Generally, if not universally, rules, orders and judgments are not effective unless and until properly and publicly enrolled."
Compare Hillyer v. Schenck, 15 N.J. Eq. 398 (Prerog. 1862); Young v. Young, 32 N.J. Eq. 275 (Prerog. 1880); Mount v. Van Ness, 34 N.J. Eq. 523 (Prerog. 1881); Mount v. Slack, 39 N.J. Eq. 230 (Prerog. 1884).
The foreclosure decree against Lillian Brant as administratrix extinguished any interest which the estate, as holder of the mortgage, had in the premises.
Judgment affirmed with costs.