SOLOMON J. BRODY *vs.* C. FREDERICK COOPER.

MARCH 26, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Personal Injury Action.  Damages.  New Trial.*
The fact that a plaintiff attempted to magnify his injuries did not justify a jury in refusing any compensation, where there was evidence of damage actually suffered.

(2)  *Evidence.  Depositions.*
Under Gen. Laws, 1909, cap. 342, § 29, if a party taking a deposition neglects to use it, the adverse party may use·it.

(3)  *Personal Injury Action.  Evidence.  Insurance.*
In a personal injury action, evidence offered by defendant tending to prove that plaintiff was insured was inadmissible and its introduction was prejudicial error.

*(4) Evidence. Depositions. Impeaching Deponent.*

Where plaintiff offered a deposition, taken but not used by defendant, he thereby makes deponent his own witness.

*Quoere;* whether where plaintiff used a deposition taken but not used by defendant, thereby making deponent his own witness defendant may impeach the credibility of deponent.

*(5) Evidence. Depositions. Impeaching Witness.*

Where plaintiff offered a deposition of an insurance adjuster, taken but not used by defendant and defendant in direct examination of plaintiff inquired whether plaintiff had been paid for his damage by the insurance company and whether such company through subrogation was not the real party in interest in the action, offered for the purpose of proving the bias of the deponent, such evidence was inadmissible as it did not prove bias in fact and it could not be proved as an independent fact, for a witness to be impeached must first be asked in cross-examination in regard to the facts and given an opportunity to deny them or explain them.

*(6) Evidence. Depositions. Impeaching Witness.*

Where plaintiff offered a deposition taken but not used by defendant, the fact that defendant could not cross-examine deponent at the trial for the purpose of laying a foundation for impeaching him does not change the rule, for by taking the deposition, he has so far as such deposition is concerned, precluded any cross-examination of the witness, who for the time was his.

TRESPASS ON THE CASE. Heard on exceptions of plaintiff and sustained.

STEARNS, J. The action, trespass on the case, is brought to recover damages arising from a collision between an automobile owned and operated by the defendant and an automobile owned and operated by the plaintiff. On the afternoon of June 23, 1921, defendant, while driving his touring car, on reaching the top of an upward grade, turned out to his left in order to pass an automobile which was stopped at the top of the hill. As he passed this automobile he saw, not far distant, the automobile of plaintiff coming up the other side of the hill toward him, on the right hand and proper side of the highway. It had been raining and the surface of the highway was slippery. While defendant was attempting to return to his right side of the highway, his car began to skid, became unmanageable, and crashed into the rear of plaintiff's automobile, and continuing on, collided with another automobile in the rear of plaintiff's

automobile. The negligence of defendant is established. The substantial issue is in regard to the amount of the damages. The jury returned a verdict for the plaintiff for $425.00 and in answer to special findings submitted to them found the amount of damage to plaintiff's automobile was $425.00 and that plaintiff had not suffered any personal injury. The trial justice denied the plaintiff's motion for a new trial. The case is here on plaintiff's bill of exceptions.

The objections to the verdict are that the damages are inadequate and unjust and that it fails to do substantial justice between the parties.

From the evidence it appears that plaintiff's automobile was struck with considerable violence and as a consequence plaintiff's head was cut and he was made nervous. The severity and duration of his injuries are questions of fact in dispute. He required and received the services of a physician for a limited period. The doctor's bill was $50.00 and $10.00 additional was paid for medicine. He was a travelling salesman working on a commission and lost some time before he was fitted to resume his occupation. He was entitled to recover reasonable compensation for these elements of damage. That the plaintiff sought to magnify his personal injuries and to secure a larger amount of damages than he was justly entitled to, appears to be the fact, and this furnishes a probable explanation of the action of the jury in refusing to give him any compensation for personal injury. However culpable he may be in this respect, he cannot lawfully be denied the right to recover for the damage actually suffered. The award for damage to the automobile is fair. He was also entitled to receive some damages for personal injuries. The jury gave him nothing, and the verdict in this respect was contrary to the evidence and erroneous. The denial of a new trial by the trial justice was erroneous and the exception thereto is sustained.

Prior to the trial, on defendant's motion, the deposition of a witness, a Mr. Steadman, in regard to the damage to

the automobile was taken. In the direct examination by the defendant's counsel, the witness testified that his (2) business was that of an appraiser of automobile losses. Thereupon by stipulation of counsel it was agreed that the witness was qualified to give testimony as an expert, relative to damages to automobiles, and the cost of repair thereof.

At the trial defendant closed his case but did not use the deposition he had procured, for the reason that the estimate of damage made by. this witness was larger than that made by plaintiff's witnesses. The plaintiff then claimed the right and was allowed to use the deposition and have the same read to the jury. General Laws, 1923, Chapter 342, Section 29, provides that if the party who took the deposition neglects to produce or to use the deposition, the adverse party may use it. The defendant, in rebuttal, called the plaintiff as his witness and, in response to a question asked by counsel for the defendant, plaintiff testified that he had heard that Steadman was an insurance adjuster. The following question was then asked: "He represented your insurance company in making this examination, didn't he?" The objection of plaintiff was overruled, an exception was taken and the witness answered, that he did. The witness was then asked by defendant's counsel: "Q. And you know that as a result of Mr. Steadman's examination that your insurance company paid you $496.00 don't you?" The objection to this question was sustained. "Q. I will ask another question for the record. Isn't it a fact that your insurance company to the extent to which they paid you in subrogation rights is to that extent the real party to this suit?" The objection to this question was sustained.

Evidence of plaintiff's insurance was inadmissible and (3) probably was prejudicial to plaintiff's case. The exception thereto is sustained. Defendant was not surprised by the testimony, but claims that plaintiff by using the deposition thereby made the deponent his witness, and that

defendant then was entitled to show the facts in regard to the insurance as a basis for the jury to infer bias of the deponent and to thus discredit the witness. The deposition when taken is transmitted to the court and is then in the custody and control of the court. Gen. Laws 1923, Chap. 342, Sec. 28. Neither party can be compelled to use the deposition but each party, if it so elects, may use it at the appropriate time. If each party takes the deposition of a witness, neither party can impeach his credibility. *Story et al* v. *Saunders*, 8 Humphrey (Tenn.) 663; see also *Carpenter* v. *Dame*, 10 Ind. 125. The authorities are not in accord in regard to the exact status of the witness when one party introduces a deposition taken by his opponent. (4) If the deponent is still considered to be the witness of defendant, the latter can not impeach his own witness. *Hildreth* v. *Aldrich*, 15 R. I. 163. The plaintiff by offering the deposition introduced the testimony of a witness whom in effect he said was worthy of belief, and he thereby may properly be held to have made deponent his own witness. *Peoples National Bank* v. *Hazard et al*, 231 Pa. St. 552; S. C. Ann. Cases 1914B, 1115, and notes of cases. Each party, to a certain extent, has thus vouched for the witness; the one by taking his deposition with the possibility that it may be used by his opponent, the other by using it. Granting that defendant can impeach the credibility of the deponent, the rules of evidence must still be observed. (5) The evidence to which objection was taken at most might be held to show that the witness had a cause for bias; it does not prove bias in fact and can not be proved as an independent fact. Even if it was admissible, the witness who is to be impeached must first in cross-examination be interrogated in regard to it and given an opportunity to deny bias or explain the extent thereof or the reasons therefor. In *Kolb* v. *Union R. R. Co.*, 23 R. I. 72, the general rules in regard to impeachment of a witness are stated. The fact that in the circumstances defendant (6) could not cross-examine the witness does not change the

rule. By voluntarily taking the deposition, he has so far as the deposition is concerned, precluded any cross-examination of the witness, who for the time being was his.

The exceptions of plaintiff are sustained, and the case is remitted to the Superior Court for a new trial.

*Flynn & Mahoney,* for plaintiff.

*Greenough, Easton & Cross;* for defendant.