[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal by the plaintiff from a CT Page 4779 decision by the Zoning Board of Appeals of the City of Stamford (hereinafter referred to as the ZBA). On June 1, 1989 the ZBA denied an appeal of one Alex Totino acting on behalf of the plaintiff, his mother, Carmela Totino. On December 19, 1988 the Deputy Building Official issued a cease and desist order requiring removal of a basement apartment on premises owned by the plaintiff. This order was appealed to the ZBA which, after hearing, denied the appeal giving rise to the instant matter.
The facts, either admitted by the answer to the complaint or found by the court from the record and the evidential hearing as requested by the parties on February 18, 1992 discloses the following.
On September 30, 1968 the then owners of the property in question applied for a variance to build a three family dwelling (See Record No. 17 Trans. p. 12). The variance was granted and a Certificate of Occupancy was issued on July 11, 1969. This information from the records of the ZBA and the office of the Building Inspector was given through the investigation and testimony of Michael Macri, Chief Deputy Building Official and appears in the transcript of the ZBA hearing of May 10, 1989. (Record 17 p. 10-16). The record reflects that since the Certificate of Occupancy for three apartments was issued on July 11, 1969 no further permits have been issued.
Sometime prior to October 30, 1987, the date the plaintiff purchased the property from one Vittorio Galluzzo, Galluzzo wanted to create the fourth apartment in the basement of the premises. James Sotire, at this point in time, was the Building Official and Zoning Enforcement Officer and in his testimony before the court on February 18, 1992 stated that he recalled a meeting with Mr. Galluzzo on the premises at which time he told Galluzzo that any living space created out of a basement would require a means of egress and exit. Galluzzo accomplished this by knocking out part of the foundation wall and constructing a doorway. After this was accomplished Sotire approved the premises for building and zoning compliance by way of a verbal acknowledgment. Other involved agencies also issued Certificates of Compliance with regulations such as fire and health. However, Sotire could not testify that a building permit was ever issued. He said he didn't advise Galluzzo that he wouldn't need a permit, and according to Michael Macri, the CT Page 4780 present Chief Deputy Building Official, no permit appears on the records as ever being applied for or issued. It was not until well after the plaintiff purchased the property, believing it to be a four family house, that it was discovered by a governmental agency to which the plaintiff had applied to qualify the property for Section 8 housing (see testimony of Alex Totino) that the fourth apartment was not a permitted use. It was at this time that Macri issued the cease and desist order and it is the appeal from that order as affirmed by the ZBA which constitutes the instant proceedings.
It is the claim of the appellant that equity mandates a court ordered reversal of the ZBA's action upholding the cease and desist order. The testimony of Alex Totino, both in the hearing before the ZBA and this court on February 18, 1992, indicates that before the appellant purchased the property in 1987, Totino, on behalf of his mother, called the Building Department, the Fire Department and the Health Department to check the status of the property and was advised that there were no violations as applied to the four units. (Trial Trans. p. 36). He also testified, without objection, that the seller of the property, Galluzzo, said that there were four leases in effect for the four apartments. All of this investigation, he claims, leads him to the conclusion that if it were not for the representations of the persons and agencies he contacted in an effort to confirm the legal status of the property and its conformity to all applicable ordinances and regulations, his mother would not have bought the property and would not have expended the money for what has now been limited to a three family house. It is the appellant's claim that because of this the City should be estopped from denying the use of the basement apartment as a legal and permitted use of that portion of the premises.
The appellant claims in her brief that she has met the requirements for estoppel generally and also the elements required for municipal estoppel. The former, that the party against whom estoppel is claimed, must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury, Bozzi v. Bozzi, 177 Conn. 232, 242 and the latter; that estoppel against a municipality "may be invoked" (1) only with great caution (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulation." Dupuis v. Submarine Base Credit Union Inc., 177 Conn. 344, 354. Zoning Commission v. Lescynski, 188 Conn. 724 adds to the above providing for the invocation of municipal estoppel when the injury is produced by erroneous acts of its officers from enforcing its zoning ordinances as long as those officers act within the scope of their authority. CT Page 4781 It is only when the municipal agent acts in good faith, within the scope of his authority but in error that the occasion for invocation of estoppel can arise. See Jantausch v. Verona, 41 N.J. Super. 89,95, 124 A. 2 14.
Before proceeding to the claims of the Appellees/Defendant the court finds that the appellant is an aggrieved party meeting the requirements that she has an immediate and direct interest in the controversy as distinguished from a general interest and also that her specific personal and legal interest has been specially and injuriously affected by the decision of the ZBA and accordingly has standing to prosecute the appeal. Sheridan v. Planning Board,159 Conn. 1, 13.
The Appellee/Defendants, point out that the municipality should not be estopped from enforcing its zoning ordinances in this instance because it is clear that no permit was ever issued for the basement apartment. That while Mr. Totino did some personal checking before his mother purchased the property (see Trial Trans. February 18, 1992, p. 36-37) if he had searched the records he would have discovered as did the governmental agents in connection with the Title 8 entitlement application, that the basement apartment was not a legal use and that no permit appeared as of record. To the contrary, the records indicated that the third apartment required a variance which is of record and on August 15, 1983 the defendant, through the Housing Codes Enforcement Division noted a lack of smoke detectors on the property and specifically noted the "illegal basement" unit. It would appear that had a more diligent inquiry been pursued it could have been readily ascertained that problems existed as regards the basement apartment and in all likelihood the appellant could have made a more enlightened evaluation of the value of the property she contemplated purchasing.
It does not appear to this court that the appellant's reliance upon oral representations of several city employees is sufficient to meet the heavy burden resting upon one who seeks to invoke the doctrine of municipal estoppel. Counsel for the appellant appends to his brief two Superior Court decisions: Carl Charton et al v. ZBA Town of Westbrook, Superior Court, Middletown No. 56246, September 7, 1990, and Clifford A. Smith et al v. ZBA, City of Ansonia, Superior Court at Milford No. 27665S, June 12, 1990 where the trial judges found the elements necessary to allow the invocation of municipal estoppel. Both of these cases, however, involved the actual issuances of permits by the Zoning and Building authorities with reliance thereon by the applicants followed by revocation when it was found permits were issued in error. That does not appear to be the case in the instant matter, however, where no permit was ever issued. CT Page 4782
Accordingly the court finds:
(1) That the record demonstrates ample evidence for the ZBA to uphold the issuance of the cease and desist order and
(2) That the record and the evidence presented-in this court does not meet the requirements necessary to invoke municipal estoppel. This court does not find that the appellant changed her position to her detriment as a result of having been unjustifiably induced by any municipal agent.
The appeal is therefore dismissed.
RIPLEY, J.