LINWOOD COMPANY, RELATOR, v. SAMUEL GARDNER, BUILDING INSPECTOR OF THE TOWN OF BLOOM-FIELD, RESPONDENT.

Submitted October term, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the rule, *Fleming & Handford.*

*Contra, Edward C. Pettit.*

PER CURIAM.

The applicant for this writ is the owner of a tract of land in Bloomfield upon which it desires to erect two four-family dwellings and on May 21st, 1930, applied to the building inspector for a permit to erect such structures, accompanying such application with plans, &c., complying with the then existing ordinance requirements. The permit was denied, without reason being given, and upon October 4th, 1930, the present rule was obtained.

It appears that on October 6th, 1928, Bloomfield, pursuant to the zoning amendment and the statute thereunder, appointed a zoning commission which made no report until October 4th, 1930, something over two years after its appointment. It appears also that the present rule to show cause was allowed upon the same day.

This report has been adopted by Bloomfield and its attorney has been directed, and authorized, to prepare a zoning ordinance, in accord therewith, which will create a zone, including relator's lands, restricting the use thereof to one-family dwellings, which would make the use thereof proposed by relator a non-conforming one.

Mindful of *Butvinik* v. *Jersey City*, 6 *N. J. Mis. R.* 803, and *Deerfield* v. *Hague*, 8 *Id.* 637, we are nevertheless constrained to hold, under the facts in the present case, that our discretion, in the allowance of this prerogative writ, should be exercised in favor of the respondent the town of Bloomfield.

We are obliged to take judicial notice of the difficulties confronting municipalities in properly legislating upon zoning conditions. With this in mind, and without attempting to excuse inactivity in this direction, we are unwilling in the present case, and at ths time, to grant to the applicant the writ applied for.' This denial, however, is without prejudice to a future application therefor and without prejudice to an application for such a writ to require the governing body to proceed to adopt a zoning ordinance.

The rule to show cause is discharged, but without costs.