ATLANTIC BROADCASTING COMPANY, PROSECUTOR-RE-SPONDENT, v. TOWNSHIP OF WAYNE, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

"On September 24th, 1930, the defendant Jacob Wich, as building inspector for the township of Wayne, issued a building permit to the Atlantic Broadcasting Corporation, prosecutor, for the erection of a building to be used for broadcasting, subject to all township ordinances. The estimated cost of the building was $70,000, and it was to be erected at 'Perry avenue, Vincent and Wayne streets.'

"At a meeting of the township committee, specially called for and held on October 3d, 1930, the following resolution was adopted:

" 'Whereas, a zoning commission has been appointed and said zoning commission has effected its work as zoning the township, and

" 'Whereas, the building inspector of Wayne township has issued building permits without reference to said contemplated zoning ordinance, and

" 'Whereas, several permits so issued were for the construction and erection of several buildings in sections of the township where the erection and construction of said buildings or structures would be prohibited under the terms of the contemplated zoning ordinance:

" 'Now, therefore, be it resolved, That any permit or permits heretofore issued for the erection or construction of any building or structure, where the erection or construction of said building would constitute a nonconforming use, as defined in said zoning ordinance, are hereby revoked.

" 'Be it further resolved, That the township clerk shall give notice to permit holders, affected hereby, of such revocation.'

"A writ of *certiorari* was allowed on October 11th, 1930, to review this resolution. It was agreed that depositions be taken by both sides and that the writ be argued before a single justice. Subsequently, the defendants made a motion to vacate the *allocatur* and quash the writ as improvidently granted, and counsel for both sides were directed to submit briefs on the writ and on the motion to quash. Such depositions and briefs have been submitted, and have been fully read and examined.

"The writ in this case was issued upon the ground that a contemplated zoning ordinance could not affect a building permit which already had been granted. At the time of the allowance of the building permit, there was nothing in any statute or ordinance which prevented the use of the property for the erection and location thereon of a building such as is described in the application for the permit. A reading of the depositions taken, conclusively shows that the cause given in the resolution for the revocation, was but a mere excuse invented to becloud the real reason. The building inspector, before he issued this permit, went into conference with four of the five township committeemen, the township attorney and a representative of the broadcasting company. Included in the township committeemen present was Mr. Wald, the vice-chairman of the 'zoning commission,' and according to the depositions of the building inspector and the vice-chairman of the 'zoning commission,' there is no proof that there was

one word said at this conference about a proposed zoning ordinance nor was it even suggested that the erection of this proposed building would in any way interfere with any plan of zoning which was then under consideration or contemplation. From a consideration of what happened at the meeting on October 3d, 1930, it is clear that the real cause which resulted in the passing of this resolution was an agitation engendered by interested parties, producing a strong belief among the residents of the township that the establishment of this broadcasting station would have the effect of serious blanketing or interference with the radio receiving sets of the residents. Surely, it must have been known to the committee, through its attorney or otherwise, that at the time of the passing of this resolution, there was nothing, in statute or ordinance, which prevented the erection of a broadcasting building on this property and therefore, the conclusion is inevitable that the assertion in the resolution, that the building permit should be revoked because of a contemplated zoning ordinance, was fabricated to cover the real reason behind the committee's action.

"The depositions satisfy me that the prosecutor, directly or indirectly, made substantial expenditures of money in contemplation of the erection of the proposed building and in the expectancy that a building permit would be granted. This was a reasonable expectancy, because if they acquired the ownership of this property, or the right to use it to erect a building thereon, they would have had a right to a building permit, as the so-called building code did not give the township the power to prevent such use of this property as was contemplated by the prosecutor; it simply gave them the right to see to it that the building was erected in accordance with the reasonable regulations of the building code as to the kind of physical construction which should be followed. The money actually expended by the prosecutor, directly or indirectly, between the time of the allowance of the permit and the passing of the resolution while not large, was substantial, and, in addition, the evidence convinces, that upon and after the allowance of the building permit, obligations involving

the payment of large sums of money for which the prosecutor can be held liable, were entered into.

"In the briefs submitted by the defendants there is no serious contention made that the committee had the right to revoke the building permit already granted because they contemplated passing a zoning ordinance sometime in the future; but, they do now advance other reasons. It is not claimed that any of the reasons now advanced were considered, or even expressed, at the time of the passing of the resolution as a justification for the resolution. It is my opinion that in the consideration of the proceeding now before me I am limited to determining whether the township committee had the right to pass the resolution for the reason given and publicly recorded. I hold they had not the right to pass said resolution; I hold that it was not a legal resolution and therefore the same is set aside so far as it attempts to revoke the building permit granted to the prosecutor on September 24th, 1930. Also, the motion to quash the *allocatur* is denied. Costs are allowed to the prosecutor."

For the appellants, *Hobart & Minard* and *C. Alfred Wilson.*

For the respondent, *D. Frederick Burnett.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the opinion filed by Mr. Justice Daly.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.