HARDON, INC., PLAINTIFF, v. THE BERGENFIELD NATIONAL BANK AND TRUST COMPANY, SUBSTITUTED ADMINISTRATOR OF ESTATE OF JULIA SLATER, DECEASED, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided May 9, 1950.

*Mr. Walter Winne (Mr. Louis Liebowitz* of record), attorney for plaintiff.

*Mr. Clyde Christie,* attorney for defendant.

GRIMSHAW, J. S. C.  This is a suit to quiet title to real property.  The facts are not in dispute.

On July 1, 1926, one Julia Slater, a widow, sold the property with which we are concerned to Samuel Finger and William Enowitz and as part of the consideration took back a purchase money mortgage in the amount of $7,000.  The bond and mortgage payable on July 1, 1931, required the payment semi-annually of interest at the rate of six per cent per annum.  The mortgage was duly recorded.

Julia Slater died November 5, 1931, leaving a will which was admitted to probate.  There was an appeal from the order for probate of the will and on March 12, 1934, it was set aside.  For the duration of the will contest the defendant bank served as administrator *pendente lite.*  On May 4, 1934, Lillian Brant was appointed administratrix of the estate of Julia Slater.

On December 4, 1935, the Bergen County Orphans' Court signed an order revoking the letters of administration therefore granted to Lillian Brant and directing that she be removed as administratrix.  And by the same order the de-

fendant, Bergenfield National Bank & Trust Company was appointed substituted administrator.

The fees for the removal proceeding and the appointment of the defendant as substituted administrator were not paid. The papers were placed in the Surrogate's vault and neither filed nor indexed. On January 13, 1939, the bank's attorney paid the Surrogate's fees. The orders were then filed and letters of substitutionary administration were issued to the defendant under the date of January 13, 1939.

In the meantime, the taxes being in default, the property was sold by the Borough for the delinquent taxes. The tax sale certificate in the amount of $3,329 was purchased by a corporation known as Lawrence Investment Company. A bill to foreclose the tax certificate was filed on April 6, 1936, and a final decree was entered on June 24, 1936. In the foreclosure proceeding Lillian Brant was made a party defendant as administratrix of Julia Slater. She was served with process and upon her failure to answer judgment by default was taken against her. As a result of several mesne conveyances, the plaintiff became seized of the title to the property in December, 1939.

In 1940 plaintiff erected a store building upon the property at a cost of $20,000. Prior to the commencement of building operations plaintiff discussed the possibility of a mortgage loan on the property with the president and cashier of the defendant bank. The bank officials failed to mention the Slater mortgage during the discussion. For reasons which do not appear, the loan did not materialize.

Some years later, presumably in connection with a title examination resulting from a loan application, the situation outlined above was disclosed. After fruitless negotiations between the parties this litigation was started.

It is conceded that no payments of interest or principal were ever made upon the mortgage. It was carried on the books of the bank at a valuation of $1. The ledger sheet contained the statement: "Property in hands of Borough for non-payment of taxes." And until this litigation started defendant never asserted its rights under the mortgage.

It must be conceded that the equities are in favor of the plaintiff. Had the defendant paid the fees for the removal proceeding in December, 1935, as it was obligated to do, the order for its appointment as substituted administrator would have been on the minutes of the court and in the files of the Surrogate when the foreclosure was commenced. It would have been made a party to the proceeding. And in view of the bank's estimate at that time as to the value of the mortgage, it is reasonable to conclude that the bank, like Lillian Brant, would have permitted a decree to go against it by default.

Or if, in 1940, when the present plaintiff consulted the officers of the bank about a loan, the defendant had made known the facts concerning the Slater mortgage, plaintiff would then have proceeded with the improvements at its peril. Defendant chose to remain silent when it should have spoken. To permit it, at this late date, to reap the benefits of that silence would be most inequitable.

██ However, in my opinion, it is unnecessary to resort to equitable considerations in the determination of this case. Orders of a court can be known only through the records thereof, perpetuated in the minutes of the tribunal and other established places of record. Generally, if not universally, rules, orders and judgments are not effective unless and until properly and publicly enrolled. *Lyczak v. Margulies,* 8 *N. J. Misc.* 549 (*Sup. Ct.* 1930) ; affirmed, 109 *N. J. L.* 352. In this case, the order removing Lillian Brant as administratrix and substituting the defendant bank in her place, did not become effective until January 13, 1939, when, upon the payment of the fees, the order was removed from the Surrogate's files. In 1936, when the tax foreclosure was conducted, Lillian Brant was still the administratrix of the estate of Julia Slater, there being at that time no effective order for her removal. And the foreclosure decree against her, as administratrix, cut off any interest which the Slater estate, as the holder of the $7,000 mortgage, might have in the property.

Judgment accordingly.