SALVATORE ROSELLE, PLAINTIFF-RESPONDENT, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF MOON-ACHIE, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, DEFEND-ANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 25, 1957—Decided December 6, 1957.

18

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Joseph M. Lynch* argued the cause for defendants-appellants (*Mr. Guy W. Calissi,* attorney).

*Mr. Seymour Gelzer* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

CONFORD, J. A. D.   The plaintiff and the defendants have been in controversy since January 1956 over plaintiff's desire to operate a trailer camp or "park" on property he owns in the Borough of Moonachie.   Plaintiff applied to defendants for a license for such an operation January 26, 1956.   Defendants denied it, and, on February 23, 1956, adopted an amendment to the municipal zoning ordinance prohibiting all trailer parks or camps in the borough.   Plaintiff was successful in having the Law Division of the Superior Court "set aside" the amendment by judgment dated December 14, 1956 and filed December 28, 1956.   The judgment denied, however, a concomitant application for an order directing the borough officials to issue plaintiff a trailer camp license; this, apparently, for failure to comply with sanitary requirements.   Plaintiff appealed.

Subsequently plaintiff made the necessary arrangements to comply with sanitary regulations of the state and municipal authorities and renewed his application for the license.   It was again denied by resolution of the defendant governing body January 24, 1957, and, on January 28, 1957, defend-

ants filed a cross-appeal to the Appellate Division from the judgment dated December 14, 1956.

On February 5, 1957 plaintiff filed a new proceeding in lieu of prerogative writs in the Superior Court, Law Division, to compel the issuance of the license. An order to show cause why the relief sought by the complaint should not be granted was entered, and, after hearing, resulted in an order dated February 27, 1957, which in effect was a final judgment, directing defendants to issue the license pursuant to an ordinance of the borough regulating and licensing trailer parks. No appeal from this order has ever been taken by defendants. Instead, with the indorsed consent of the attorney for plaintiff, they obtained a stay order of the February 27, 1957 order on the same day which recited that the stay was to be effective "only until March 4, 1957, at which time the parties have scheduled argument before the Appellate Division * * *." On March 4, 1957 the Appellate Division granted a stay of the judgment which had been dated December 14, 1956. No further stay of the order of February 27, 1957 was ever obtained.

At a meeting of the governing body on February 28, 1957, the court order of February 27 was read and discussed and a motion to comply with it was defeated, four votes to two. At the same meeting a new amendment to the zoning ordinance was introduced and passed and adopted on first reading. This prohibited any dwellings, generally, or any "structure that has the character of a dwelling such as trailers, tents and shacks * * *" in any heavy industrial zone. Plaintiff's property is in such a zone. The amendment became effective May 2, 1957.

On April 12, 1957 the plaintiff filed a motion, returnable April 19, to hold the defendants in contempt for failure to obey the Law Division order of February 27, 1957. On May 1, 1957 the defendants countered with a motion to vacate the order of February 27 on the ground that to grant the permit would be contrary to the ordinance of the borough effective by the time of the return date of the motion. On May 7, 1957 the Appellate Division dis-

missed defendants' cross-appeal from the December 14, 1956 order for lack of prosecution and vacated the stay, the plaintiff having previously withdrawn his appeal from that order.

After hearing, on affidavits, the Law Division, on May 27, 1957, ordered the defendant councilmen who had voted against compliance with the February 27 order "held in contempt of the order    *    *    *," and further ordered them to appear before the court for "further proceedings in this contempt action" on June 7, 1957 unless the borough within ten days appealed from the order or complied with the terms of the February 27 order.

The motion of defendants to set aside the order of February 27, 1957 was denied by an order dated June 21, 1957 which recites that the action is for reasons "more particularly set forth in the opinion delivered by the Court on the 24th day of May, 1957." No written or other such opinion appears in the appendix. We are informed there were oral remarks by the court but we have no information as to their substance.

We have before us for consideration appeals by defendants from both the order adjudicating the contempt and that denying the application to set aside the order of February 27, 1957. They are discussed in the inverse order.

## I.

Defendants invoke the principle that the status of the law in respect to the validity of the use of property for a particular purpose is to be determined as of the time the court is called upon to act, rather than when the property owner applied for official permission to make the use. This is the general rule. *Stalford v. Barkalow*, 31 *N. J. Super.* 193 (*App. Div.* 1954) ; *Guaclides v. Borough of Englewood Cliffs*, 11 *N. J. Super.* 405 (*App. Div.* 1951) ; *Tice v. Borough of Woodcliff Lake*, 12 *N. J. Super.* 20, 25 (*App. Div.* 1951) ; *Socony-Vacuum Oil Co. v. Mount Holly Tp., Inc.*, 135 *N. J. L.* 112, 117 (*Sup. Ct.* 1947). They

argue that when their application to have the February 27, 1957 order set aside was returnable (May 3, 1957) there was in effect a presumably valid ordinance, that which became effective May 2, 1957, precluding the lawful use of the subject property for trailer camp purposes, and that this state of affairs called for vacation of the earlier order since compliance therewith after May 2, 1957 would have entailed a violation of a subsisting municipal ordinance. We think the position is well taken.

As was stated in *Tice v. Borough of Woodcliff Lake, supra* (12 *N. J. Super.* at *page* 25) :

"A valid, applicable and subsisting ordinance precluding plaintiffs' planned project would be a bar in the Law Division to the relief sought by plaintiffs. The decision determining the cause is controlled by the ordinance in effect at the time of the decision and not by the ordinance which was operative when the permit was sought."

The rule goes so far as to compel an appellate court to give superseding effect to an ordinance adopted in the interim between a trial judgment and the appellate determination. See *Socony-Vacuum Oil Co. v. Mount Holly Tp., Inc., supra* (135 *N. J. L.* at *page* 118).

The present proceedings do not involve any substantive attack upon the May 2, 1957 zoning amendment and the trial court was controlled by it in determining whether plaintiff still had a substantive right to have a license issued to him by the defendants as of that time. Plaintiff's position in that regard is not improved by the fact that the mandatory order of February 27, 1957 antedated the effective date of the new zoning amendment. That order was stayed with his consent immediately, and the March 4, 1957 stay by the Appellate Division in the prior appeal, which remained in effect until its vacation on May 7, 1957, operated to keep the February 23, 1956 prohibitory zoning amendment in effect as against any right by plaintiff to have a license from the defendants during that period. We are therefore not confronted with any problem as to whether plaintiff acquired any vested right in the nature of a non-

conforming use prior to the adoption of the new zoning amendment, and no such contention is here argued. The order entered June 21, 1957 must therefore be reversed to the end that an order be made vacating the order of February 27, 1957.

## II.

It does not follow from the foregoing determination, however, that defendants are entitled to a nullification of their adjudication in contempt of the February 27, 1957 order. It has been noted that no appeal was ever taken from that order nor was its effectiveness as a command of the court stayed beyond the initial stay which expired March 4, 1957. The stay obtained on that day from the Appellate Division as to the judgment of December 14, 1956 did not purport to relieve defendants from complying with the mandate of the February 27, 1957 order. But defendants contend that the same considerations to which we have referred above, in connection with the continued effectiveness of the February 23, 1956 zoning prohibition on and after the date of the February 27, 1957 order, require the conclusion that the February 27, 1957 order was "void as an excess of judicial power" and therefore not entitled to such recognition as would be accorded it by punishment for contempt of those who disregarded its direction. There are fatal flaws in the argument.

First, the February 27, 1957 order was not void at all when it was made. It was a perfectly appropriate exercise of judicial power. True, the court itself stayed the order the same day, but that stay expired March 4, 1957. While the stay of the December 14, 1956 order by the Appellate Division on March 4, 1957 created a situation theoretically incompatible with the issuance of a license to plaintiff, this did not operate retrospectively to make the February 27, 1957 order void. It remained on its face an authoritative mandate of the court and defendants' sole choices were to comply with it, to promptly appeal from it and apply for

a stay of its effect, or move to set it aside. They did none of these things until May 1, 1957 when they moved to set the order aside. In the meantime they were in flat contempt of the order of the court. We are not here confronted with the question as to remedy if an appeal or stay were not available. *Cf. In re Tiene,* 17 *N. J.* 170, 178 (1954).

Even if the order of February 27, 1957 could be regarded as in any respect erroneous or improvident, either when made or as of any later time, that circumstance would not justify defendants' ignoring it, there being no claim or showing that the court was without jurisdiction over the subject matter or the parties. *In re Tiene, supra* (17 *N. J.* at *page* 177). An impressive array of the authorities in support of the proposition that a party cannot on an appeal from a judgment of contempt assert that the court order contemned was based on error of law or fact, short of lack of jurisdiction, *ibid.,* is to be found in *Annotation,* 12 *A. L. R. 2d* 1059, 1107–1114 (1950). Defendants concede that the rule was broadly stated in the foregoing tenor in the *Tiene* and earlier New Jersey cases but they argue that in none of them has a New Jersey court upheld a contempt conviction based on an invalid order and that such a result should not be countenanced. We agree with their analysis of the earlier New Jersey cases (*e. g., Dodd v. Una,* 40 *N. J. Eq.* 672 (*E. & A.* 1885); *Kempson v. Kempson,* 63 *N. J. Eq.* 783 (*E. & A.* 1902); *Oddo v. Saibin,* 106 *N. J. Eq.* 453 (*Ch.* 1930), all involving lack of jurisdiction; *Forrest v. Price,* 52 *N. J. Eq.* 16 (*Ch.* 1893); *Whippany Paperboard Co. v. Local No. 301,* 11 *N. J.* 153 (1952), in both of which the court held the underlying order valid on the merits). But we do not agree with the asseveration that the *dictum* at *page* 177 of the opinion in *In re Tiene* is unsound. We are satisfied, as stated by the late Chief Justice in that case, that "[T]he orderly processes of the administration of justice are necessarily dependent on full compliance with all lawful orders of the courts. To prevent recalcitrant individuals from frustrating their work, the

courts are necessarily empowered to punish for contempt" (17 *N. J.* at *page* 181). If the person to whom a court order is directed wishes to test its validity before complying with it, the appellate courts are open to him. Otherwise he must obey it. No other rule is compatible either with the dignity of the courts or the effective prosecution of their business.

In the present case defendants' proper course was to move to set aside the February 27, 1957 order as soon as they received the stay in the Appellate Division in the earlier appeal and to follow a refusal with a prompt appeal and application for a stay. Had these courses been unsuccessful, the defendants would nevertheless have been clear of contempt, as they would thus have exhausted every possible direct effort to relieve themselves of an order they thought was illegal. *Cf. In re Tiene, supra.*

Flat applications of the full scope of the rule that an erroneous court order will found an effective adjudication of contempt where the order was not appealed and the court had jurisdiction are to be found in *Cummings-Landau Laundry Machinery Co. v. Koplin,* 386 *Ill.* 368, 54 *N. E.* 2d 462 (*Sup. Ct.* 1944), and *Ex parte Kimberlin,* 126 *Tex.* 60, 86 *S. W.* 2d 717, 720 (*Sup. Ct.* 1935). In the *Koplin* case, *supra,* it was held that the principle applied whether the contempt be technically classified as civil or criminal. We are in accord, as the rationale of the rule is applicable in either case, and this is the general view. See Annotation, *cit., supra* (12 *A. L. R.* 2d at *page* 1115, § 43).

We thus arrive at the conclusion that defendants were properly found in contempt of the court by the order of May 27, 1957. We have some difficulty, however, with that part of the order which permits defendants to exculpate themselves by issuance of the license within ten days. This would constitute the adjudication a sanction to compel the defendants to do something affirmatively precluded by a subsisting, presumably valid municipal ordinance, the zoning amendment which became effective May 2, 1957 (distinguish

the situation as of prior to May 2, 1957, when a grant of the license would have conflicted only with an ordinance previously adjudicated invalid). Such a result would be flatly incompatible with our determination of the appeal from the order of June 21, 1957.

The matter should be remanded so that the trial court may in lieu of the provisions of the order under appeal impose any lawful penalty which it may deem appropriate for defendants' disobedience of the order of February 27, 1957 up to the date upon which it determined the original contempt application.

No point relating to the applicability of any of the provisions of *R. R.* 4:87 to any phase of these appeals has been raised or argued by either of the parties and we have given no consideration thereto.

Remanded for disposition in accordance with the directions in this opinion. No costs.