49 N.J. Super. 35 (1958)
139 A.2d 42
SALVATORE ROSELLE, PLAINTIFF-RESPONDENT,
v.
THE MAYOR AND COUNCIL OF THE BOROUGH OF MOONACHIE, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Reargued January 27, 1958.
Decided February 14, 1958.
*38 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Joseph M. Lynch argued the cause for defendants-appellants (Mr. Guy W. Calissi, attorney).
Mr. Seymour Gelzer argued the cause for plaintiff-respondent (Mr. Seymour Cohen, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
In this appeal we granted rehearing on petition, plaintiff having called to our attention an inadvertent misstatement of a possibly material fact in the opinion of the court filed December 6, 1957, Roselle v. Mayor & Council of Borough of Moonachie, 48 N.J. Super. 17, 22 (App. Div. 1957), to which we refer for the full background of this controversy. We then said that the March 4, 1957 stay granted by the Appellate Division in the prior appeal "remained in effect until its vacation on May 7, 1957" and "operated to keep the February 23, 1956 prohibitory zoning amendment in effect" until that date, thus eliminating any possible question as to whether the plaintiff acquired a vested right to the claimed use by virtue of the judgment in the nature of mandamus entered in plaintiff's favor February 27, 1957. Plaintiff correctly reminds us that at the oral argument of the appeal it was agreed by both sides that the March 4, 1957 stay was vacated *39 by oral announcement from the bench by the Appellate Division, April 29, 1957. This circumstance requires us to consider the consequential argument now urged by plaintiff that the February 27, 1957 judgment in the Law Division, which was never appealed, gave him a vested right to use his property for a trailer camp, impervious to the subsequently adopted prohibitory zoning amendment.
Preliminarily, defendants urge that an order vacating a stay is not effective until signed by the court. We do not agree. While it is true that for most purposes an order is not effective unless properly filed, Hardon, Inc., v. Bergenfield Nat. Bank & Trust Co., 8 N.J. Super. 486, 489 (Ch. Div. 1950), affirmed 11 N.J. Super. 329 (App. Div. 1951), this is not to say that a court is powerless by oral direction to vacate a stay effective immediately, merely because several days may elapse before preparation and submission for signature of a formal order embodying the oral direction. It is clear that in the present case the vacation of the stay was intended by the appellate court to be effective at once, as it accompanied a simultaneous dismissal of defendants' cross-appeal, to which the stay was incident. It was announced in open court, in the presence of counsel for the parties. We hold it was effective at once and that there was consequently a three-day period (April 29 to May 2) between the expiration of the stay of the judgment which invalidated the prior prohibitory ordinance and the effective date of the new one, the validity of which has not been assailed in the present proceedings. Does this hiatus, then, or any other consideration, operate to deprive the new ordinance of substantive prohibitory effect as against plaintiff's prior judgment? We think not.
The general subordination of the property rights of the individual to the ordered exercise of the police power of the State finds apt illustration  sometimes drastic  in the application of zoning legislation. Collins v. Board of Adjustment of Margate City, 3 N.J. 200, 206 (1949); Guaclides v. Borough of Englewood Cliffs, 11 N.J. Super. 405, 414 (App. Div. 1951). The question sharply pointed *40 up in the present case is as to the stage of utilization of an individual's property which should be regarded as immunizing it from the ban of a subsequently adopted prohibitory zoning regulation. In some jurisdictions this point is reached when an application for a permit or license is filed, and subsequent prohibitory legislation is not permitted to affect the applicant's rights, State ex rel. Fairmount Center Co. v. Arnold, 138 Ohio St. 259, 34 N.E.2d 777, 136 A.L.R. 840 (Sup. Ct. 1941); Shapiro v. Zoning Board of Adjustment, 377 Pa. 621, 105 A.2d 299 (Sup. Ct. 1954). The more general view, however, is that the mere right under existing laws and ordinances to make a particular use of property at the time of an application for a permit does not immunize the owner from valid subsequently adopted legislation, state or municipal. 8 McQuillin, Municipal Corporations (3rd ed. 1957), § 25.155, p. 356; Annotation 169 A.L.R. 584 (1947). This is also the well settled view in New Jersey, exemplified by the cases cited in our earlier opinion in this matter (48 N.J. Super., at page 21). Nor does the fact that the particular application for the use reveals the need for the new zoning regulation and provides the incentive for its passage derogate against the effectiveness of the regulation as against the proposed use. Guaclides v. Borough of Englewood Cliffs, supra, 11 N.J. Super. at page 415. The predominant viewpoint goes to the extent of sanctioning the revocation of a permit for a use valid when issued, where a subsequent prohibitory regulation is adopted prior to reliance by the owner upon the permit by substantial investment or expenditure. McQuillin, op. cit., supra, §§ 25.157, 25.158, pp. 360-366; cf. Freeman v. Hague, 106 N.J.L. 137 (E. & A. 1929); Atlantic Broadcasting Co. v. Wayne Township, 109 N.J.L. 442 (E. & A. 1932).
Plaintiff's position, however, is that, conceding the law to be as stated, when he has proceeded in attempted effectuation of his rights to the extent of procuring a judgment of the court ordering the grant of a license for a use not then prohibited by any valid ordinance, and no appeal from *41 the judgment is taken, he has a constitutionally protected vested right to such use and no subsequently adopted prohibitory ordinance can derogate therefrom. This statement of the proposition does not include all the circumstances we deem relevant in the formulation of a sound evaluation of this plaintiff's rights vis a vis the defendant municipality.
We saw in our earlier opinion that the priority accorded by the law to the general public right as represented by municipal zoning legislation over individual property rights extends to recognition of a supervening prohibitory zoning ordinance adopted as late as the period of pendency of an appeal from a judgment ordering a permit to issue. See Socony-Vacuum Oil Co. v. Mount Holly Twp., 135 N.J.L. 112, 118 (Sup. Ct. 1947). In the present case an appeal and a cross-appeal from the judgment of December 14, 1956 invalidating the prior zoning prohibition of trailer camps were pending when the judgment of February 27, 1957, presently relied upon by plaintiff, was entered. The defendants' cross-appeal was ordered dismissed for lack of prosecution April 29, 1957, as already noted, and the order filed May 7, 1957. In the meantime, however, the presently operative ordinance prohibitive of trailer camps in the district where plaintiff's property is situated became effective May 3, 1957. It was originally introduced and adopted on first reading February 28, 1957. Had defendants called the impending effectuation of the second ordinance to the attention of the Appellate Division on April 29, 1957 instead of consenting to a dismissal of their appeal, there might well have resulted an appellate determination of the rights of the parties consonant with the new ordinance, Socony-Vacuum Oil Co. v. Mount Holly Twp., supra, semble, and conclusive thereafter in respect to the merits of the present controversy. The circumstance that defendants, instead of pursuing the foregoing course, were advised to let their appeal die, in apparent reliance upon the independent efficacy of the pending ordinance to prevail over plaintiff's declared but yet unexercised rights, should not, it seems to us, prejudice the general public interest of the *42 municipality in the effectuation of its zoning prohibition of a land use deemed deleterious in a "heavy industrial" zone.
The determination of a controversy of this kind ought not to depend on the outcome of a race for technical advantage between the individual and the community representatives, as so well exemplified by the present case. The resolution of such a contest requires a balancing of individual against public rights and equities, with supervening regard to the priority of the publicly ordained order if there has not been justified reliance by the individual, to his substantial prejudice, upon a different set of rules. Graham Corp. v. Board of Zoning Appeals, 140 Conn. 1, 97 A.2d 564 (Sup. Ct. Err. 1953); Brougher v. Board of Public Works, 205 Cal. 426, 271 P. 487 (Sup. Ct. 1928); Veal v. Leimkuehler, 249 S.W.2d 491 (Mo. App. 1952); City of Dallas v. Meserole Bros., 164 S.W.2d 564 (Tex. Civ. App. 1942); Winn v. Lamoy Realty Corp., 100 N.H. 280, 124 A.2d 211 (Sup. Ct. 1956). In the present case plaintiff has been on notice of the opposition of the municipal authorities to the operation of a trailer camp on his property, and engaged in litigation with them over his intention to make such use of it, ever since he first applied for a license in January 1956. Defendants have never ceased their efforts, although in some respects they were maladroit, to accomplish a legal prohibition of what it must be presumed they regarded in good faith to be a public evil. In comparable circumstances disaffected property owners have been held not entitled to judicial solicitude as against the public authorities. Graham Corp. v. Board of Zoning Appeals; Veal v. Leimkuehler; City of Dallas v. Meserole Bros., all supra.
In the context of the history of this controversy the mere entry of a judgment on February 27, 1957 ordering the permit to issue did not create a vested right, as against subsequent legislation, to the enjoyment of the use sought. Plaintiff had a substantive right to use his property for a trailer camp (upon satisfaction of licensing requirements). *43 The judgment referred to did not create that right, nor could it enlarge it. It merely directed the municipal authorities to act in accordance with it. The judgment did not purport to declare or adjudicate that the right was of a character which would survive a later prohibitory ordinance. There is no just reason why a judgment merely implementing the enjoyment of an indisputable right to a particular use of property should, as against the public, lend greater immunity against impairment of the right by subsequent legislation than would apply to the same right in the hands of an owner who has not had to go to court to enforce it, e.g., where a permit is actually granted by the authorities upon demand. And yet we have seen that. in the latter case, the permit may be revoked before substantial reliance upon it, in the event of supervening prohibitory legislation. This judgment is not of the category of judgments declaring or merging private property or contract rights, within the principle of constitutional protection of vested rights against retrospective legislation. See 30 Am. Jur., Judgments, § 146, p. 898 et seq. Cf. Wheat v. Barrett, 210 Cal. 193, 290 P. 1033 (Sup. Ct. 1930); City of Shreveport v. Dickason, 160 La. 563, 107 So. 427 (Sup. Ct. 1926). The judgment here merely recognized the rights incident to a status between individual and local government as of a given time and set of circumstances. It did not control in other circumstances. Cf. State of Pennsylvania v. Wheeling & Belmont Bridge Co., 18 How. 421, 59 U.S. 421, 15 L.Ed. 435 (1856). Until the right reached fruition in an actual non-conforming use, it was not vested in the sense of being protected against the effect of new zoning legislation. We have no present occasion to consider the situation of a mandatory judgment being ignored by a municipality which is taking no active steps to amend its ordinance.
By way of his reply during oral argument plaintiff, for the first time in this case, asserted he had made expenditures in reliance upon his rights. The time, nature and extent of such expenditures were not disclosed. This representation *44 was too little and too late. Plaintiff has had the opportunity to argue and brief the case twice and no prior intimation of such a position was made, much less founded in evidence of record. In any case, there could have been no justifiable expenditure in good faith. Plaintiff never had a license and he failed to satisfy the Law Division of his compliance with sanitary licensing regulations prior to February 27, 1957. The litigation was continuous thereafter and the new ordinance was set in course of passage the next day. This argument cannot now avail the plaintiff.
The prior determination of the appeal is reaffirmed in all respects.