91 N.J. Super. 488 (1966)
221 A.2d 231
JOEL KLIGMAN AND MARCIA KLIGMAN, PLAINTIFFS-RESPONDENTS,
v.
SOLOMON LAUTMAN, DANIEL S. KRUMAN AND RALPH W. CAMPBELL, ETC., ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 13, 1966.
Decided June 22, 1966.
*491 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Henry J. Saling argued the cause for appellants (Messrs. Stout & O'Hagan, attorneys).
Mr. Jerome S. Lieb argued the cause for respondents (Messrs. Harkavy and Lieb, attorneys; Mr. Abraham I. Harkavy, of counsel).
PER CURIAM.
Preliminarily, we are not in accord with the manner in which summary judgment was entered for plaintiffs in this case. The map on which judgment was entered was not that upon the basis of which the action was filed. There were neither amended pleadings concerning the denial of approval of the revised map nor any hearing before the court on the merits of that denial. Summary judgment was entered apparently on the mere submission to the court of proof of the fact that the revised map was denied approval by the borough. We do not think that the anticipatory argument directed by the court on the hearing of the motion for summary judgment in relation to a hypothetical revised map adequately substituted for amended pleadings and a hearing on the merits of the case for the filing of the revised map. Counsel for the municipality rightfully stressed at the time that the only matter before the court was the sufficiency of the original map, and we agree with the court's determination that that map was defective because it showed lots not conforming with the lot size requirements of the zoning ordinance.
Secondly, we deem it dangerous as a matter of public policy judicially to direct the public filing of a map, purportedly *492 under the authority of the Map Filing Law (L. 1960, c. 141; N.J.S.A. 46:23-9.9 et seq.), as was done here, without requiring punctilious compliance by the applicant with all the requirements of that statute. The act is obviously a regulation upon which the general public may be expected to rely in purchasing property. The safeguards incorporated therein to assure the regularity of a filed map should not be telescoped or disregarded on the basis of informal applications for approval, conferences between applicants and members of governing bodies, or of decisions by such bodies acting alone. For example, one important prerequisite for approval of filing is a certification by the municipal engineer that the map complies with the act and the municipal ordinances and requirements applicable thereto. N.J.S.A. 46:23-9.11(n). In the present case neither the original nor revised map was ever submitted by the applicants to the municipal engineer, so far as the record before us shows. It may well be that there are pertinent regulations known to him but not to the governing body. The burden of getting the engineer's approval or his reasons for disapproval rests on the applicant, not the governing body. There are other requirements for approval of filing which applicants may have failed to comply with strictly, insofar as can be told from the sparse record before us.
However, our reversal in this matter is mainly based on the circumstance that denial of approval of the revised map by the municipality may at the present date well be justified by the provision of the statute, N.J.S.A. 46:23-9.11(p), that if the map shows a street, the municipal clerk must certify that the municipal body has "approved" such street. The combined effect of a 1956 ordinance amending the zoning ordinance and of an amendment adopted February 8, 1966 of the ordinance regulating acceptance of dedicated streets could arguably justify refusal by the governing body to approve the street shown on the map here involved. This is an issue we will not conclusively decide on this appeal because plaintiffs have attacked the validity and purported *493 effect of the second ordinance in another pending action and should have the opportunity on the remand herein to offer factual data and legal argument addressed to that point.
We do here decide, however, that the present controversy as to the propriety of the filing of the map is to be determined on the basis of the municipal ordinances now in existence, without regard to the fact that one of them was adopted subsequent to judgment below. See Hohl v. Readington Tp., 37 N.J. 271, 279 (1962); Tidewater Oil Co. v. Mayor, etc., of Borough of Carteret, 84 N.J. Super. 525, 530 (App. Div. 1964), affirmed 44 N.J. 338 (1965); Roselle v. Mayor, etc., of Borough of Moonachie, 49 N.J. Super. 35, 39-42 (App. Div. 1958); Noble v. Chairman, etc., of Mendham Tp., 91 N.J. Super. 111, 116 (App. Div. 1966). In the Roselle decision we stated
"* * * Nor does the fact that the particular application for the use reveals the need for the new zoning regulation and provides the incentive for its passage derogate against the effectiveness of the regulation as against the proposed use. Guaclides v. Borough of Englewood Cliffs, supra, 11 N.J. Super. [405] at page 415. The predominant viewpoint goes to the extent of sanctioning the revocation of a permit for a use valid when issued, where a subsequent prohibitory regulation is adopted prior to reliance by the owner upon the permit by substantial investment or expenditure. McQuillin, op. cit., supra [8 McQuillin, Municipal Corporations (3d ed. 1957)], §§ 25.157, 25.158, pp. 360-366; cf. Freeman v. Hague, 106 N.J.L. 137 (E. & A. 1929); Atlantic Broadcasting Co. v. Wayne Township, 109 N.J.L. 442 (E. & A. 1932)." (at p. 40)
The mere purchase of the property by plaintiffs and their expense attendant upon preparing and submitting a map does not bar the municipality from adopting for bona fide reasons of public policy the subsequent corrective legislation.
The ordinances which create plaintiffs' problem (assuming for present purposes the validity of that adopted after the judgment) are as follows:
(1) Section 12A of the zoning ordinance, which provides that "no building * * * shall be erected * * * or occupied * * * unless * * * situate on a lot or plot which fronts on a public street * * * that has been duly dedicated to and formally accepted by the Borough of Deal."
*494 (2) Sections 4 and 5 of the ordinance regulating the dedication and acceptance of streets. Section 4 prohibits the acceptance by the borough of dedication of any street which is within 250 feet of an accepted and existing street. Section 5 prohibits the acceptance of dedication of any street "which does not have lots fronting on both sides of" the street.
The proposed new street on the map ordered filed by the trial court would seemingly be prohibited from acceptance for dedication by the borough under both sections last mentioned. The street is less than 250 feet from the next northerly parallel street running to Ocean Avenue. And it would apparently have lots fronting on only one side of the proposed street, because the lots abutting thereon on the north, owned by others than plaintiffs, front on another street, the pre-existing Wallace Road.
Plaintiffs argue that the matter of the dedication of the street is not an appropriate consideration in relation to the obligation of the municipal officials to approve the filing of the map. (Deal has no planning ordinance or planning board). They point to the provision in N.J.S.A. 46:23-9.13, that "[t]he approval of any map under this law by the proper authority shall in no way be construed as acceptance of any * * * street * * * indicated thereon * * *." However, we deem this merely to mean that the approval shall not of itself constitute evidence of acceptance of a dedication. The cited provision does not necessarily mean that the susceptibility of the proposed street for lawful acceptance of dedication is not a proper consideration for a governing body whose approval of streets shown on the map is required to be certified on the map by the municipal clerk as a condition for the public filing thereof under the statute. We think that factor is appropriate, if, indeed, not essential, for such consideration by the governing body.
Obviously, a purchaser from the developer of a lot appearing on such a filed map could be badly misled by a certification thereon that the governing body had "approved" the street shown on the map whereon the lot was situate if, *495 in fact, there were positive prohibitions in municipal ordinances against acceptance of dedication of the street and against erection of a building on the lot because the street could not be accepted for dedication. We conclude that under these circumstances, and apart from any other deficiency in the map or in meeting the statutory requirements for filing it, the municipality would now be justified in refusing to "approve" the street for purposes of the map filing law, assuming the validity and imputed meaning of the two ordinance provisions mentioned above. This, of course, would preclude any lawful acceptance of the map for filing by the county recording officer. The fact that as of the date of actual consideration of the map by the governing body there did not exist the basis for disapproval of the street on the map just discussed is irrelevant, since, as noted above, the controlling date for applicability of municipal legislative standards for approval of the street is that of the decision in the instant appeal, i.e., now.
We therefore must reverse and remand. On the remand amended pleadings should be filed to bring the pleaded state of the case down through the events which occurred after the facts recited in the pleadings on file. Open for consideration and determination by the trial court, whether on motion for summary judgment, plenary trial, or other appropriate procedure, are the questions as to the proper meaning of the ordinances mentioned above; the validity of such ordinances, particularly that regulating acceptance of dedication of streets; the materiality of any other shortcomings of plaintiffs in meeting the specific requirements of the Map Filing Law, and any other questions which either side may raise as material or pertinent.
For the protection of the public pending determination of this controversy, an order should be entered directing the county recording officer to attach a notation to the filed map reading: "Filing suspended pending litigation as to validity."
Reversed and remanded for further proceedings consistent with this opinion. No costs on this appeal.