168 N.J. Super. 597 (1979)
403 A.2d 967
OCEAN ACRES, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1979.
Decided June 12, 1979.
*600 Before Judges LYNCH, CRANE and HORN.
Mr. Robert A. Gasser argued the cause for appellant (Messrs. Gasser and Cafarelli, attorneys; Mr. George M. Cafarelli on the brief).
Mr. Lawrence E. Stanley, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General, attorney; Ms. Erminie L. Conley, Assistant Attorney General, of counsel).
The opinion of the court was delivered by LYNCH, P.J.A.D. (retired and temporarily assigned).
Ocean Acres, Inc. (Ocean Acres), owner of approximately 3,000 acres of land lying in the "Central Pine Barrens," an area designated by the Commissioner of the Department of Environmental Protection (DEP) as a "critical area" for sewerage and water quality standards, challenges the validity of regulations of the DEP which would require Ocean Acres to obtain permits from DEP for the installation of septic systems on the property.
Ocean Acres acquired the property, which contains 7,600 building lots, in 1963. Final subdivisions were received in 1963, 1965 and 1973. All but 1,500 of the lots have been sold. It first contends that the regulations may not be applied to its lands because they allegedly constitute a change in the "general terms and conditions" of the final approvals granted the Ocean Acres subdivisions prior to the expiration of a reasonable period for completion of the project. See *601 Levin v. Livingston Tp., 35 N.J. 500 (1961); U.S. Home & Develop. Corp. v. LaMura, 89 N.J. Super. 254 (App. Div. 1965).
Ocean Acres argues that N.J.S.A. 40:55-1.18, the section of the Municipal Planning Act in effect at the time of its subdivision approvals, guarantees it the right to proceed under the less stringent state septic tank standards which were in effect at that time. We disagree. The cited section simply guarantees that the "general terms and conditions" on which approvals were granted shall not be changed by the granting municipality. There is nothing in the section to suggest that the limitation applies to other competent areas of regulation upon which the Legislature may confer such power. N.J.S.A. 58:11-36 clearly reposed in the State Commission of Health[1] the authority to promulgate standards for sewerage facilities which by definition in N.J.S.A. 58:11-24 includes "any installation * * * designed to provide for the collection and disposal of sewage." This of course includes septic systems.
As said in Tremarco Corporation v. Garzio, 32 N.J. 448 (1960), quoting from Roselle v. Moonachie, 49 N.J. Super. 35, 40 (App. Div. 1958):
* * * the mere right under existing laws and ordinances to make a particular use of property at the time of an application for a permit does not immunize the owner from valid subsequently adopted legislation, state or municipal. [32 N.J. at 457].
Therefore, since the terms and conditions involved are standards imposed by the State pursuant to N.J.S.A. 58: 11-36 and are not "general terms and conditions" imposed by a municipality under N.J.S.A. 40:55-1.18 the guarantee *602 of N.J.S.A. 40:55-1.18 does not preclude DEP from upgrading those standards by the regulations here involved.
Ocean Acres also contends that DEP is equitably estopped from imposing its regulations because, in reliance on the prior subdivision approval, it expended substantial sums on various improvements, including clearing of land, paving of roads and installation of drainage facilities.[2] See Anske v. Palisades Park, 139 N.J. Super. 342 (App. Div. 1976).
While it is true that a municipality, or other governing body, may be estopped to take an action because of some other action it had taken, no estoppel can arise against a body which has taken no action. The prior subdivision approvals were granted by the local municipalities involved, not by DEP. It cannot be said that Ocean Acres relied on any action of DEP. Therefore there can be no estoppel against it. See Woodland Util. Co. v. Environmental Prot. Dept., 166 N.J. Super. 324 (App. Div. 1979).
Lastly, the Interim Guidelines provide for exemptions from the standards when an applicant for a permit to build a septic system has made substantial expenditures in reliance on previous subdivision approvals.[3] See Lom-Ran v. Dept. *603 of Environmental Protection, 163 N.J. Super. 376 (App. Div. 1978).
Plaintiff has not made application for such exemption. Further, under the regulations if neither a permit or exemption is granted the applicant is entitled to a hearing before DEP. Since plaintiff has not sought relief under these procedures it has not exhausted its administrative remedies. See Garrow v. Elizabeth General Hosp. and Dispens., 79 N.J. 549 (1979). For that reason also its appeal must be rejected.
Affirmed.
NOTES
[1] The powers formerly exercised by the Commissioner of the Department of Health pursuant to this section were transferred to the Commissioner of the Department of Environmental Protection by N.J.S.A. 13:1D-7.
[2] The State observes that there is no proof in the record as to these expenses or with respect to what they were expended for. W agree, but for purposes of this opinion we assume that they were made as stated in plaintiff's brief.
[3] EQUITABLE EXEMPTION  PRIOR SUBDIVISION APPROVAL OR PRIOR STATE SUBSURFACE SEWAGE DISPOSAL SYSTEM APPROVAL
In recognition of the fact that prior to the effective date of the Central Pine Barrens Critical Area Regulations (January 23, 1978) certain individuals may have made substantial expenditures in connection with realty improvements in reliance on previous subdivision approvals or prior New Jersey Department of Environmental Protection approvals, the Department will consider an equitable exemption from the critical area requirements, provided that an application satisfies the conditions stated as follows:
Should an application submitted in accordance with the Central Pine Barrens Critical Area Regulations be denied, the Department of Environmental Protection will consider an equitable exemption from the Critical Area requirements (N.J.A.C. 7:9-10.1 et seq.), provided the applicant can demonstrate that:
(a) the applicant has received a preliminary subdivision approval or State subsurface sewage disposal system approval prior to the effective date of the Critical Area Regulations (N.J.A.C. 7:9-10.1 et seq.), (January 23, 1978); and
(b) in good faith reliance on said approval the applicant has made substantial expenditures, prior to January 23, 1978, in connection with the property for which said approval was granted. Only those costs which were incurred in reliance on the former approval(s) will be considered. Cost of acquiring the property, securing necessary approvals, taxes and general overhead will not be considered unless it is shown that they were incurred in reliance on the former approval(s).